MILDRED L. WATKINS ET AL. V. HARRIET
F. SPROULL ET AL.

No. 426.

1. **Mechanic's Lien on Homestead—Change of Form.**—Where a mechanic's
lien on a homestead has been legally created, a subsequent mortgage conveyance or
other lien given with the design of meeting the demand of the original lien, is legal.

2. **Notice—Possession by Vendor.**—Where a party has given a deed absolute on
its face, and afterwards received a reconveyance of the premises, reserving a vendor's
lien which is afterwards foreclosed, his continuing possession of the premises is not
notice to a subsequent purchaser deriving title under the foreclosure proceedings, that
the deed first mentioned was in truth a mortgage of the homestead given to secure an
existing mechanic's lien, and with a verbal agreement to reconvey.

3. **Notice to Attorney.**—A subsequent purchaser is not charged with notice that
a former deed absolute on its face is in reality a mortgage because accompanied with a
verbal agreement to reconvey, by reason of the fact that the attorney who drafted such
deed is also his attorney in passing on the title at the time of his purchase, where the
attorney swears that he did not in fact know anything of the agreement to reconvey.

4. **Innocent Purchaser—Valuable Consideration.**—The giving of a negotiable
note is as effectual as a cash payment to show a purchase for value.

5. **Parties—Foreclosure on Homestead—Joinder of Wife.**—Where a lien at-
tached to lands before it became the homestead, the wife is not a necessary party to
an action foreclosing the lien.

APPEAL from Maverick. Tried below before Hon. WALKER GILLIS.

*J. A. Ware* and *J. M. Goggin,* for appellants.—1. The wife is a
necessary party to the foreclosure of a lien upon her homestead, no
matter whether it be in the form of a vendor's lien or otherwise.
Mexia v. Lewis, 21 S. W. Rep., 1016; 22 S. W. Rep., 397; Campbell
v. Elliott, 52 Texas, 151.

2. It is not to be presumed that any man who wishes to purchase land honestly will buy without knowing what are the claims of a person in open possession of it. And the fact of possession by Mrs. Watkins, the character of the possession, and the character of the suit instituted to foreclose the pretended vendor's lien, were sufficient to put the purchaser upon inquiry as to the character of the title in H. F. Sproull. Ponton v. Ballard, 24 Texas, 620; Littleton v. Giddings, 47 Texas, 109; Glendening v. Bell, 70 Texas, 632; Mann's Exrs. et al. v. Falcon, 25 Texas, 271.

3. In order to support the plea of bona fide purchaser for a valuable consideration without notice, it must be shown either that the purchase money had been paid at the time of the institution of the suit, or, if a negotiable promissory note had been given for a part of the purchase money, that such note had at the time of the institution of the suit passed out of the hands of the vendor and into the hands of an innocent holder for value. Fletcher v. Ellison, 1 Texas U. C., 661; Watkins v. Edwards, 23 Texas, 446; Beaty v. Whitaker, 23 Texas, 528; 16 Am. and Eng. Encyc. of Law, 836–838.

*Winchester Kelso* and *Clark & Fuller*, for appellees.—1. Vaughan was an innocent purchaser for value. Eylar v. Eylar, 60 Texas, 315; Love v. Breedlove, 75 Texas, 649; Hurt v. Cooper, 63 Texas, 362; Heidenheimer v. Stewart, 65 Texas, 321; Tillman v. Heller, 78 Texas, 597; Cameron v. Romele, 53 Texas, 238, 244; Weaver v. Nugent, 72 Texas, 272, 278.

2. Mrs. Watkins was not a necessary party to the foreclosure suit on either the original or substitute notes, and the foreclosure against Watkins passed the title. Jergens v. Schiele, 61 Texas, 255; Thompson v. Jones, 60 Texas, 95; Dillon v. Kauffman, 58 Texas, 696; Joiner v. Perkins, 59 Texas, 300; Gillum v. Collier, 53 Texas, 592; Hicks v. Morris, 57 Texas, 658.

3. Watkins and wife could acquire no homestead rights until the notes given for the purchase money were paid. Alstin v. Cundiff, 52 Texas, 453; Miller v. Yturria, 69 Texas, 549; Richardson v. Howe, 22 S. W. Rep., 1003; Silliman v. Gammage, 55 Texas, 365; Byers v. Brannon, 19 S. W. Rep., 1091.

FLY, ASSOCIATE JUSTICE.—Appellants are husband and wife, and brought an action of trespass to try title against appellees for a lot in the town of Eagle Pass. The case was tried without a jury, and judgment rendered for appellees. The facts are as follows: The land in controversy was in 1883 given by her half-brother to Mrs. Watkins, and in the same year appellants, by giving a valid builder's lien on the lot, obtained material amounting to $3000 from the Eagle Pass Building and Loan Association, and put the same into improvements on the lot, which, when completed, were moved into, and became their homestead. In 1887, the shares in the association having nearly become

mature, appellants, desiring to retain the same, executed a warranty deed properly acknowledged to the association, conveying to it the lot and improvements for the debt, the agreement being that the property should be reconveyed at some future time. In May, 1888, over fifteen months after the execution of the warranty deed by appellants, the building and loan association reconveyed the property to appellant E. L. Watkins for $3000, which was evidenced by promissory notes, and a vendor's lien was reserved in the deed to secure payment of the notes. The notes were sold to Sproull, who died, leaving as his executrix and sole legatee his wife, Harriet F. Sproull. Mrs. Sproull foreclosed the vendor's lien on the property, and the same was sold by order of court, and was bought in by Mrs. Sproull, who afterwards sold the same to F. A. Vaughn. Vaughn employed an attorney and had the records thoroughly examined before he bought, and had no notice, actual or constructive, of any claim whatever against the property. The deeds were all recorded promptly.

There is no question raised as to the mechanic's lien which was given in 1883 not having been a valid one, drawn and acknowledged by statute; and after this lien had been acquired and was in full effect, any contract made in adjustment of the equities existing between the parties, even though it involved the execution of a lien on the home stead, would be permissible, and would be enforced. Or in other words, the mechanic's or builder's lien having been once legally created, any subsequent conveyances made or liens given with the purpose and design of meeting the demands of the original lien, would be legal and permissible. Lippencott v. York, 86 Texas, 276. The legality or illegality of the transaction would go back to the original contract upon which it is based, and one of the appellants swears that the building and loan association had a mechanic's lien on the house and lot in controversy, and that the warranty deed given by appellants in 1887 to the association was for the purpose of securing in another manner the money due and payable on the homestead by virtue of the mechanic's or builder's lien. This question has been exhaustively discussed by the learned jurist, the lamented Chief Justice Stayton, in the Lippencott-York case above cited, and it becomes unnecessary to further elaborate the idea. We are then of the opinion that the warranty deed, which by the testimony is shown to have been a mortgage given by appellants to secure the payment of money due for material furnished to build the improvements on the lot in controversy, was a valid and legal instrument, and created a lien upon the homestead, and being legal, the transaction conveying the property back to appellant E. L. Watkins, and reserving a vendor's lien, was also valid, and this last lien was foreclosed and the property sold and bought in by the executrix of the Sproull estate.

But admitting the invalidity of the transaction between the parties down to Vaughn, yet under the facts of this case, we are of the opinion that appellee Vaughn was an innocent purchaser for value without

notice, and his title should be sustained on that ground.  Vaughn testifies, that he consulted an attorney as to the title, and was advised that it was a valid title.  The attorney carefully investigated the records, and upon the records was based the opinion given by him to his client.  F. A. Vaughn, one of the appellees, swears, that he had no actual notice whatever of the facts and circumstances surrounding the transactions between appellants and the building and loan association. Whether the builder's lien was recorded or not is not shown by the transcript, but if it was recorded, taken with the warranty deed given to the association in 1887, it would evidence nothing but a payment of debt by this means, and if it was not recorded, then there was nothing of record but a notice of a sale to the association and a subsequent repurchase by appellants, the vendor's lien being reserved in the last transaction to secure the purchase money.  There was a lapse of time of over a year between the deeds from and to appellants.

It is true that appellants were in possession of the premises when the purchase was made, but this, "in the matter of notice, is to put a person desiring to purchase upon inquiry, and it has no effect in determining what the inquiry shall be, or of whom it shall be made." Eylar v. Eylar, 60 Texas, 315.  Our laws require conveyances to land to be put upon record, and when parties have solemnly placed their contracts in regard to land in writing, and have had the same recorded, right, justice, and good conscience would demand, so far as third persons are concerned, that they be held to and bound by the things so written and recorded.  Vaughn swore that he had never heard of any one claiming the land, and it does not seem that there was any one at the time of the purchase claiming the land, for when he spoke to Mrs. Watkins about his purchase, either intended or consummated, she asserted no claim to the property, but said she would move out as soon as she could get another house.  The possession of the property by appellants should have put appellee Vaughn upon inquiry; but what more could have been required of him than to employ an attorney and have the record title thoroughly investigated, and there was nothing in the record to excite further inquiry; but on the other hand, when he reached the records he was lulled into security by a warranty deed from the persons in possession, a reconveyance to them, a vendor's lien reserved, a foreclosure of this lien, a valid order of sale, and a sheriff's deed.  There was no necessity to go further; and to so hold, says our Supreme Court in the Eylar case, "would be to strike at the very foundation of the policy upon which registration laws rest."  This doctrine is fully sustained in a number of cases.  Hurt v. Cooper, 63 Texas, 366; Coker v. Roberts, 71 Texas, 597; Hoffman v. Blume, 64 Texas, 336; Heidenheimer v. Stewart, 65 Texas, 323; Love v. Breedlove, 75 Texas, 652.

Appellants claim that the sale made by the executrix to Vaughn was void, because it was not shown that the sale was made by the executrix by order of the court in which the estate was being administered,

or that the sale was ever reported to or confirmed by the court. No objection was made to the admission of the deed on this ground in the lower court, and had it been made, it would not have availed, as the deed of the executrix and the findings of the judge show that Mrs. Sproull was not only the executrix but sole legatee under the will of her husband, and she had full authority to sell the land. None of the assignments of error are well taken, and while we may differ with some of the conclusions both of law and fact found by the trial judge, yet the final conclusion is correct, and the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

FLY, ASSOCIATE JUSTICE.—The notes upon which suit was brought and judgment rendered in favor of Mrs. Sproull, and to obtain payment of which the property was sold under execution, was the same debt that was due the building and loan association under the builder's lien. It was the same debt in different garbs, and was never paid. It is clearly shown by the proof, and it was admitted by appellants in their testimony, that the building and loan association had a valid mechanic's lien on the property to secure the sum of $3000, and this is not questioned in the brief of appellants. It is too late to spring it on a motion for a rehearing.

It is contended, that as the proof showed that Vaughn paid $1650 cash and gave a negotiable promissory note for $1000 for the property, this would not be a payment of such value as would constitute him a purchaser in good faith for value. In the case of Cameron v. Romele, 53 Texas, 238, it is said: "Although it has been held otherwise by many courts, it is now well settled, at least by the weight of more recent decisions, that the giving of a promissory note payable to bearer is as effectual as the payment of the same amount in cash to prove a purchase for value." Following this case, it is said in Dodd v. Gaines, 82 Texas, 429, that "a promissory note made in good faith, or the transfer of a negotiable note, is as effectual as the payment of the same amount in cash to prove a purchase for value." In Le Page v. Slade, 79 Texas, 473, it is said: "If the note was negotiable commercial paper, it was a valuable consideration, sufficient in that respect to support the sale." The same doctrine is enunciated in Tillman v. Heller, 78 Texas, 597.

It is urged that Mrs. Watkins was a necessary party to the foreclosure of the lien upon her homestead, no matter whether it was in the form of a vendor's lien or otherwise. At the time of the creation of the debt to the building and loan association, the place had not become a homestead. The lien attached before the homestead character, and the assignment of appellants is not well taken.

There is but one plausible theory, and that is not presented by appellants, upon which any argument could be predicated; and that is upon the ground that the land, being the separate property of Mrs.

Watkins, remained her separate estate through the several mutations of the lien, and that therefore she was a necessary party to the foreclosure proceedings. If this position should be well founded, still the result would be the same, as the evidence shows that he was an innocent purchaser for value, without notice, and, taking the record, there was nothing to indicate that Mrs. Watkins had any interest in the land after she conveyed it to the building and loan association. The fact that she signed the last note with her husband did not show that she had any interest in the land. On the question of notice, in addition to the authorities cited in our former opinion, we would call attention to Ranney v. Miller, 51 Texas, 269, and Alstin v. Cundiff, 52 Texas, 453, where the subject is discussed.

It is contended that the attorney of Vaughn, having been the attorney of the building and loan association when the deed was executed, had notice that the deed from appellants to the association was in reality a mortgage, and thus through him notice was brought home to Vaughn. But the attorney swore positively that he drew the deed and thought it was a bona fide conveyance of the property, and had no notice whatever that there had been any promise to reconvey the property. We doubt that the possession of appellants was sufficient to put Vaughn upon inquiry, as is intimated in our former opinion, for the reason that the record indicated that they were in possession by virtue of the deed to E. L. Watkins in which the vendor's lien had been reserved. Vaughn bought from Mrs. Sproull a few days after the foreclosure sale; and about the time of his purchase, when he spoke of buying or of having bought the place, no claim whatever was set up by appellants.

Except so far as modified by this opinion, we adhere to our former opinion, and the motion for rehearing is overruled.

*Overruled.*

Delivered November 28, 1894.

JAMES, Chief Justice, did not sit in this case.