## COOK v. CHAPMAN.
### No. 2603.

Court of Civil Appeals of Texas. El Paso.
Dec. 31, 1931.

Rehearing Denied Feb. 4, 1932.

Dyess & Strong and Leon Jaworski, all of Houston, for appellant.

Cole, Cole, Patterson & Kemper and Wm. L. Kemper, all of Houston, for appellee.

WALTHALL, J.

Perry V. Cook brought this suit against S. B. Chapman to recover damages which he alleges he sustained to his automobile, and personal injuries to himself, in a collision, on a public highway, between his automobile, which he was driving at night, and one of two trucks belonging to Chapman, operated by an employee, and which at the time of the collision had been parked side by side on the concrete paving of the highway.

Cook assigned a large number of acts of negligence which the court submitted to a jury, and which, in view of the issues presented here, we need not state.

Chapman answered by a general denial and that the collision was brought about by the negligent acts of Cook, stating them, and by a cross-action against Cook for damages to his truck, and a cross-action against one A. R. Hazzard, charging against him the same negligent acts as charged against Cook, and asked judgment against Hazzard in the event judgment should be against him, and for the same amount.

The case was tried with a jury and submitted upon special issues, and on their findings judgment was entered for Chapman, and Cook duly prosecutes this appeal.

### Opinion.

The parties will be referred to as plaintiff and defendant, as in the trial court and in the briefs.

There is no statement of facts in the record. Plaintiff presents six propositions, each submitting that certain findings of the jury are in such conflict and so inconsistent and irreconcilable as to preclude the entry of a judgment thereon in favor of defendant. The findings of the jury on the negligent acts of Chapman are such as to require a judgment against him if same was not defeated by the negligence of Cook proximately causing the collision and his damages resulting therefrom.

Plaintiff's first proposition refers to the following issues submitted and upon which the jury found substantially:

Issue 18. Plaintiff, Cook, did not keep a proper lookout for the truck with which he collided as he approached the same at the time and just prior to the collision. The term "proper lookout" means such a lookout as was required in the exercise of ordinary care.

Issue 19. Was plaintiff Cook's failure to keep such proper lookout negligence as defined? Answer "Yes."

Issue 20. Was such negligence a sole proximate cause of the collision? Answer "No."

Issue 21. Was such negligence a contributing proximate cause of the collision? Answer: "Yes."

Issue 22. Was such negligence a proximate cause of the collision? Answer: "No."

The court defined "proximate cause," but did not define "sole proximate cause," nor "contributing proximate cause."

Briefly stated, the jury found that in failing to keep a proper lookout plaintiff, Cook, was negligent; that such negligence was not a proximate cause, nor a sole proximate cause, but was a contributing proximate cause.

The jury found in answer to issue 23 that plaintiff Cook was negligent in operating his automobile at a rate of speed in excess of 35 miles an hour; that such negligence was not a sole proximate cause, was not a proximate cause, but was a contributing proximate cause of the collision.

The same findings as above are made as to "excessive rate of speed," as to Cook's "failure to apply his brakes within a reasonable time," and on the issue of Cook's "failure to have the brakes of his car under proper control," and whether Cook "lost control of his automobile."

Plaintiff, Cook, submits in his several propositions that the jury's findings as above, and in fact all of the negligent acts submitted as to him, are in such irreconcilable conflict on the issue of proximate cause as to prevent a judgment against him, in view of the findings of the jury that defendant, Chapman, was negligent in each of the instances, of causing and permitting his truck to stand on the highway without having attached to it one lighted lamp displaying a red or yellow light visible from the rear, and causing and permitting his said truck to stand on the highway without such headlights as to light the road in front of said truck, and negligent in other issues submitted, and that such negligent acts directly and proximately caused the collision and the damages to Cook's automobile and the personal injuries complained of.

■■ Special issues and their answers must be considered together as a whole, and if when so construed they admit of more than one reasonable construction, and if they are conflicting, and one destroys another, the verdict will not support a judgment upon either finding, and it must be set aside.

In Williams v. Zang (Tex. Com. App.) 279 S. W. 815, 816, Judge Speer, for the Commission of Appeals, says: "A contributing cause is actionable only when it is a direct or proximate cause, and the answer to 1a that Mrs. Zang's negligence was not the direct and proximate cause, and the answer to No. 2a that her failure to exercise ordinary care did not proximately cause the plaintiff's injuries necessarily, excludes the finding that such negligence or want of care was even a contributing proximate cause."

We think the vice in the findings that causes the conflict is the finding that plaintiff's negligence was not a sole proximate cause, and was not proximate cause of the collision, as we construe Judge Speer's statement above to mean that there could be no contributing proximate cause if there was no proximate cause.

We understand Judge Short's opinion to the same effect in Koons v. Rook (Tex. Com. App.) 295 S. W. 592, 597, in which it is said: "If the plaintiffs' conduct, measured by this test [negligence], was negligence and, that concurring with the negligence of the defendant, if any, it occasioned the infliction of injuries, then notwithstanding the defendant was guilty of negligence himself, the plaintiffs could not recover. * * * However, even though the conduct of the plaintiffs amounted to negligence and contributed to the injuries received by them, yet, unless this conduct was a proximate cause of the injuries inflicted upon the plaintiffs by the defendant, it would not defeat a recovery."

In 45 C. J. p. 972, par. 528, it is said, "In order to be contributory negligence, such neg-

ligence must be a proximate cause of the injury," and, among many other Texas cases, refers to Koons v. Rook, supra, which cases we need not review.

In Wilson v. Southern Co., 111 Tex. 363, 234 S. W. 663, the Supreme Court said: "In order for an act or omission of a plaintiff to constitute contributory negligence in any personal injury case, it must not only amount to a want of ordinary care, but it must, in concurrence with a negligent act or omission of a defendant, become the proximate cause of the plaintiff's injury. Martin v. Railway, 87 Tex. 121, 26 S. W. 1052; Railway v. Ormond, 64 Tex. 489; Railway Co. v. Danshank, 6 Tex. Civ. App. 385, 25 S. W. 297."

■ It is not the contention of plaintiff that his negligent act must have been a proximate cause of the collision, nor the proximate cause of the collision, but does submit that, since the jury has found that plaintiff's negligent act is not a proximate cause of the collision, and has found that plaintiff's negligence is not the proximate cause of the collision, a finding that plaintiff's negligent act is a contributing proximate cause of the collision, such findings are conflicting.

Under the authorities cited we have concluded that the findings are in conflict, and that, in view of such conflict, a judgment for either plaintiff or defendant would be reversible error.

The case is reversed and remanded.