## BEARD & STONE ELECTRIC CO., Inc., v. SHOFNER et al.

### No. 2436.

Court of Civil Appeals of Texas. Beaumont. Jan. 26, 1933.

Vivier & Mulitz, of Houston, for relator.

Adams & McAlister, of Nacogdoches, for respondents.

WALKER, C. J.

On August 9, 1932, Beard & Stone Electric Company, Inc., filed its original petition in county court of Nacogdoches county against O. C. Baker, alleging that on February 18, 1930, one Jeff Singleton sold to Baker certain personal property at the agreed purchase price of $487.50, and that Baker executed and delivered to Singleton "a conditional sale contract" for the amount of the purchase price, and that the contract constituted a mortgage lien against the personal property to secure the unpaid purchase money; that before maturity Singleton transferred the contract and mortgage to Beard & Stone Electric Company, Inc.; that, when the contract matured, Beard & Stone Electric Company, Inc., demanded of Baker payment of the amount due on the contract, and payment was refused; that on the date suit was filed Baker was due upon the contract the principal sum of $324.-50, with interest at the rate of 6 per cent. per annum from its maturity, and with 15 per cent. additional as attorney's fees. The prayer was for the balance due with foreclosure of the mortgage lien, with the further allegation that the mortgaged property was worth $210. Baker answered by pleas of general demurrer and general denial and by a sworn plea to the effect that the contract was changed after he executed and delivered it to Singleton, and that Beard & Stone Electric Company, Inc., purchased the contract with knowledge of the alterations. Beard & Stone Electric Company, Inc., filed a supplemental petition, pleading general demurrer and general denial and specially that the alterations, if any, were immaterial and were made with the knowledge and consent of Baker and were made in good faith.

The issues raised by the pleadings and evidence were submitted to the jury upon the following questions, answered as indicated:

"Special Issue No. 1

"Do you find from the preponderance of the evidence that the name of the payee in said instrument sued on was changed after said instrument had been signed by O. C. Baker? Answer: Yes."

"Special Issue No. 2

"Was such change, if any, made without the consent or knowledge of O. C. Baker? Answer: No."

"Special Issue No. 3

"Do you find from a preponderance of the evidence that the extension agreement on the margin of said instrument was changed or altered after said instrument had been signed by O. C. Baker? Answer: Yes."

"Special Issue No. 4

"Was such change or alteration, if any, made without the consent or knowledge of O. C. Baker? Answer: No."

"Special Issue No. 5

"Do you find from the preponderance of the evidence that the alterations or changes,

if any, made in said instrument were made in good faith? Answer: No."

"Special Issue No. 6

"Do you find from a preponderance of the evidence that defendant, O. C. Baker, ratified the sales contract, herein sued on, as it now exists? Answer: No."

"Special Issue No. 7

"Do you find from a preponderance of the evidence that plaintiff had knowledge of any alterations or changes in said sales contract at the time it acquired the same? Answer: Yes."

This verdict was duly received by the court and the jury discharged. Upon the verdict the court entered its judgment reciting therein the issues as submitted to the jury, together with the jury's answers, and concluded with the following decree:

"And it appearing to the Court from the answers above set out, to the Special Issues above shown that the answers of the jury to said Special Issues are in conflict and not consistent, the one with the other, it is the opinion of the court that a verdict cannot be rendered either for the plaintiff or the defendant upon such findings of the jury.

"It is, therefore, considered and so ordered, adjudged and decreed by the court that said findings of the jury be in all things set aside, and that a mis-trial be declared and a new trial herein given without prejudice to either party."

The court also entered the following order on the verdict of the jury:

"Be it remembered, that on this the 1st day of December, 1932, came on to be considered the verdict of the jury heretofore received and filed and it appearing to the Court that in the Court's opinion there is an irreconcilable conflict in the findings of the jury in response to the issues submitted to them by the Court, it is therefore ordered, adjudged and decreed that a mistrial be and the same is hereby declared and decreed in this cause.

"Said mistrial is declared for the sole and only reason that in the opinion of the Court there is a conflict in the answers of the jury to the issues submitted, in that the jury found in response to Special Issues Nos. 1 and 2 that the name of the payee in the instrument or obligation herein sued on by plaintiff was changed after said instrument had been signed by the defendant, O. C. Baker, and that such change was made with the consent and knowledge of said defend-

ant, O. C. Baker, and the jury found in response to Special Issues Nos. 3 and 4 that the extension agreement on the margin of said instrument was changed or altered, with said defendant's knowledge and consent, after said instrument had been signed by said defendant; and it is the Court's opinion that the jury's findings in response to Special Issues Nos. 5 and 6 are in conflict with the findings on Special Issues 1 to 4, inclusive, hereinabove set out, in that the jury found in response to said Special Issues Nos. 5 and 6 that said alterations or changes were made in bad faith and that said defendant did not ratify said sales contract herein sued on.

"It is further the opinion of the Court that had the jury answered said Special Issues Nos. 5 and 6 in the affirmative, instead of in the negative as they did answer them, then the plaintiff would be entitled to recover judgment against the said defendant for the amount sued for; but because of the conflict hereinabove pointed out, which in the opinion of the Court exists, a mistrial is here now decreed, declared and ordered entered; to which ruling and action of the Court plaintiff takes exception."

Beard & Stone Electric Company, Inc., duly filed its motion for new trial, which was overruled.

This case is before us as an original proceeding on petition of Beard & Stone Electric Company, Inc., as relator, complaining of the county judge of Nacogdoches county and O. C. Baker, as respondents, praying that we issue our writ of mandamus against the county judge commanding and requiring him "to set aside and vacate his said order declaring a mistrial and granting a new trial," and that he be ordered and commanded "to proceed to enter judgment in favor of your relator in accordance and in keeping with the verdict found and returned by the jury on the trial of said cause." For grounds of relief relator pleaded the facts as given above, and further specially pleaded that no conflict existed in the verdict of the jury.

Opinion.

The mandamus is refused. The trial court correctly concluded that a conflict existed in the verdict of the jury. By its answers to the first four questions the jury found facts validating the contract as against the alterations pleaded by Baker. But by the answers to questions 5 and 6 facts were found fully sustaining the plea of alteration, thereby invalidating the contract.

Mandamus refused.