## WALTHALL et ux. v. BARNES.
### No. 9588.

Court of Civil Appeals of Texas. San Antonio.

May 22, 1935.

Rehearing Denied June 19, 1935.

John L. Dannelly, of Elgin, and Neil E. Beaton and W. C. Douglas, both of San Antonio, for appellants.

Terrell, Davis, Hall & Clemens, of San Antonio, Geo. T. Burgess, of Dallas, and Raymond Edwards and Samuel Peterson, both of San Antonio, for appellee.

SMITH, Justice.

In October, 1928, W. J. Walthall and wife erected a residence in Ridgewood court, in San Antonio, with lumber purchased from Campbell Lumber Company, in the amount of $15,000. Upon the completion of the house, the Walthalls moved into it, from their home on Huisache avenue, in said city, and borrowed $15,000 from Texas Bank & Trust Company with which to pay said lumber bill.

Walthall was cashier, director, and member of the loan committee of Texas Bank

& Trust Company, and as an inducement to procure said loan from his bank he agreed with the other officers to give a valid lien upon the new house. In pursuance of that agreement Walthall and wife executed their deed of trust conveying said property in trust to secure payment of said $15,000 obligation. In the deed of trust the Walthalls represented, in confirmation of Walthall's personal assurance to his fellow officials of the bank, that the property thus conveyed was not their homestead, and that their true homestead was that on Huisache avenue, which they had occupied as their home for the preceding seven years, and which they still owned. Walthall's fellow officials of the bank, knowing the Walthalls' homestead had been on Huisache avenue all the while, believed their representation that such was still their homestead, and, relying thereon, made the loan to the Walthalls and took the deed of trust lien executed by them, as security for the loan. From time to time thereafter, as the loan matured, the Walthalls renewed the obligation, paying the accruing interest, and representing, as before, that the original lien constituted a valid lien upon the Ridgewood property. The last renewal of the note was made to mature on November 1, 1931, and payable to City Central Bank & Trust Company, the then owner of the obligation, which later transferred it to Central Mortgage Company, of which A. F. Barnes was receiver. Walthall defaulted in the payment of the obligation, and Barnes, as receiver, brought suit to recover the amount of the note and foreclose the deed of trust lien upon the property. The Walthalls answered and sought to defeat foreclosure, upon the ground that the mortgaged property in fact became their homestead on October 8, 1928, just eight days before the deed of trust was executed, wherefore, they had no power to mortgage it. All the issues bearing upon the homestead claim were resolved by the jury against the Walthalls, who have appealed from the resulting adverse judgment.

The Walthalls owned two dwellings in the city of San Antonio, one on Huisache avenue, the other on Ridgewood court. They had continuously occupied the Huisache place, and it constituted their homestead, for seven years, but moved from it on October 8, 1928, into the Ridgewood place, only a very few days before they mortgaged the latter upon the declaration that the former was still, in fact, their homestead. At the time of that declaration, both places were equally available to them as their homestead, but they could claim the exemption upon only one of them, according to their intention. Certainly, they had not abandoned the Huisache property as their homestead, in the sense that it was subject to mortgage, or forced sale, for "certain and conclusive evidence of abandonment, with no intention to return and claim the exemption, is required before a homestead, once occupied as such, can be subject to forced sale," or mortgage. 22 Tex. Jur. p. 82, § 54. And "where the dispute depends upon the showing as to the intention of the claimant, the homestead claim is sustainable, notwithstanding the fact that the claimant has removed to and occupied other premises in circumstances entitling him to set up the exemption in respect thereof." Id. § 62. And while it is true, of course, that the fact that another residence has been acquired and occupied is a circumstance, even a strong circumstance, that the claimant has elected that as his homestead, the fact is by no means conclusive against the homestead character of the old residence. Id. p. 92, § 62.

Here, the claimants owned two residences, both suitable for their homestead purposes. The Huisache residence, unincumbered, had been their home for several years. They still owned it. It was vacant, because they had just vacated it. They also owned the residence just completed on Ridgewood, and into which they had just moved, from the Huisache place. But it was incumbered with a constitutional mechanic's lien, to secure their debt for materials placed therein, in the amount of $15,000, which they found they could not pay, as they had planned. They could not claim the homestead exemption upon both places, of course, and by invoking the help of others to extend the debt of $15,000 due upon the Ridgewood place, they precipitated an election by which they were required to declare their intention as to a homestead. They had their absolute choice. They could confirm the exemption so long existing upon their old and unincumbered home, which they had not abandoned in any way to cut them off from the right; or they could elect to finally abandon the old, and claim the new, heavily incumbered as it was. Such election was primarily determinable by their intention. What that intention actually was, was their secret, and known only to them, but in dealing

with others, from whom they sought favors, their expressed declaration of that intention, when believed, relied and acted upon by those with whom they dealt, was binding upon them, in that they would be estopped to deny the truth of that declaration. Parrish v. Hawes, 95 Tex. 185, 66 S. W. 209; Carstens v. Landrum (Tex. Com. App.) 17 S.W.(2d) 803; Life Ins. Co. v. Weatherford (Tex. Civ. App. writ. ref.) 60 S.W.(2d) 883; American State Bank & Trust Co. v. Johnston (Tex. Civ. App. writ. ref.) 58 S.W.(2d) 880. Under the case conclusively established here, we hold, as a matter of law, that the Walthalls were estopped to repudiate their election of a homestead, and thereby perpetrate such a palpable fraud as that attempted by them in this cause.

Appellee urges, in further support of the judgment, that the mortgagee was subrogated, under the facts of the case, to the claim and constitutional mechanic's lien of the Campbell Lumber Company for materials, equaling appellee's claim against appellants, furnished by the lumber company in the construction of the mortgaged premises. Appellee also contends that by his dealings in this matter with the bank of which he was a chief executive and member of its loan committee, Walthall was guilty of a palpable fraud upon the bank, its depositors, and the public, and that such conduct cut him off from any right to deny the validity of the obligation sued on. Appellee cites numerous authorities to support both contentions, but, aside from expressing the fact, disclosed by the undisputed evidence, that Walthall's manipulation of the loan, and of the security given therefor, through the channels of the bank, of which he was a high executive, were fraudulent if not done in good faith, as he claims, we will not decide the questions presented, in view of the disposition of the case already indicated.

Appellants present numerous propositions of law, concerning the sufficiency of the evidence to support some of the jury findings, or the ineffectiveness of those findings, but what we have said in determining that no other judgment could have been rendered than that appealed from renders those propositions immaterial, and they will be overruled accordingly. Appellants also raise questions of misconduct of the jury, but, aside from the fact that those questions have also become imma-

terial, we conclude that, under all the evidence adduced upon those questions, the trial court was justified in the implied findings that the alleged misconduct did not occur.

We also overrule appellants' proposition that a new trial should have been granted because of an affidavit of the witness, L. A. Kerr, attached to the motion, that the witness, as president of the lending bank, would not have made the loan to the Walthalls had the latter not furnished a guaranty of the title to the mortgaged premises. Appellants show no diligence in failing to elicit this evidence from the witness upon the trial. But, even so, the evidence is not of such nature as to have required the trial judge to set aside the judgment.

All of appellants' propositions will be overruled and the judgment affirmed.