## NIEBUHR et al. v. BEHRINGER et al.

### No. 1966.

Court of Civil Appeals of Texas. Waco.

Dec. 1, 1938.

Rehearing Denied Jan. 19, 1939.

Nat Harris and E. W. Hander, both of Waco, for appellants.

W. L. Eason and W. V. Dunnam, both of Waco, for appellees.

GEORGE, Justice.

This suit was instituted by the devisees and legal representatives of Miss Henrietta Niebuhr, appellants, against George Behringer, to recover upon a vendor's lien note, and against George Behringer and the children of him and his deceased wife, Sophie

Behringer, for foreclosure of vendor's lien on 70 acres of land, and in the alternative against the grantors in the deed of conveyance to the 70 acres for breach of warranty. Appellees, George Behringer and his children, plead in bar thereof that the 70 acre tract had been set aside, after the death of Heinrich Miller and prior to the death of Charlotte Miller and the execution of the deed and note, by parol partition to Sophie Behringer as her share of the community estate of Heinrich and Charlotte Miller, and that George and Sophie Behringer had a homestead estate therein, and that Henrietta Niebuhr, through her agent, E. W. Hander, had knowledge at the time of these facts. Appellants, in reply thereto, plead facts showing innocent purchaser and estoppel. The grantors adopted the pleadings of the Niebuhrs and plead, in addition, limitation.

The case was tried before the court and jury and the court, after disregarding certain findings of the jury, rendered judgment on other findings, denying foreclosure of lien and recovery for breach of warranty.

George Behringer and his children, for convenience, will be referred to herein as the Behringers, plaintiffs as the Niebuhrs, and the appellees, other than the Behringers, as the grantors.

The Niebuhrs contend (1) that the trial court erred in disregarding the findings of the jury that E. W. Hander, acting as attorney for Miss Henrietta Niebuhr, believed and relied on the representations in the note and deed,—that the note was given in evidence of part of the purchase price of the 70 acres of land involved in this controversy and that the payment of same was secured by a vendor's lien thereon,—and that E. W. Hander was induced by such representations to purchase said note at its full face value with funds belonging to Miss Niebuhr; and (2) that the trial court erred in not rendering judgment on such findings foreclosing lien. These contentions present for determination the controlling propositions in this cause, for it is tacitly admitted by all parties in their briefs that the testimony not only raised such issues but that the evidence with reference thereto is conflicting and sufficient to support a finding either way thereon.

Heinrich and Charlotte Miller owned several tracts of land in the Riesel community in McLennan county and certain personal property, all of which was community, and 200 acres of the land constituted their homestead. Heinrich Miller died intestate Jan-

uary 25, 1917, leaving surviving him his wife, Charlotte Miller, six children, and the children of a deceased son and a deceased daughter. Charlotte Miller died on May 19, 1919. Record title to all real property was in Heinrich Miller. Three of the children of the deceased son were minors at the time of the deaths of Heinrich and Charlotte Miller. Their interest in the entire community estate was sold under order of the probate court on December 18, 1919 to Fred Miller. Sophie Behringer was a daughter, and the grantors in the deed of conveyance of December 31, 1919 to the 70 acre tract of land are the other adult heirs.

The testimony in behalf of the Behringers is to the effect that Charlotte Miller and her adult children and the adult children of the deceased son and daughter met sometime in 1917, after the death of Heinrich Miller, and entered into a verbal agreement, whereby the community estate of Charlotte Miller and Heinrich Miller was to be divided into eight shares of equal value and set aside per stirpes to the heirs of Heinrich Miller, and Mrs. Charlotte Miller, in consideration of her homestead estate and community interest therein, was to be paid by the recipients of each share the sum of $50 per year so long as she might live; that pursuant to such agreement, the 70 acre tract of land in controversy was set aside to Sophie Behringer, and the 70½ acre tract of land was awarded to F. H. Miller; that George Behringer and Sophie Behringer, the following year, cultivated the 70 acres as owners and not as tenants as they had theretofore done; that they claimed it as their homestead and owned no other land; that George and Sophie Behringer bought the 70½ acre tract from F. H. Miller because it had on it the house in which they then resided, and that the $3,500 went to him personally in part payment thereof. This theory of the Behringers is established by the jury's findings. The minor children of the deceased son neither participated in the agreement nor were they represented by a lawful guardian. George and Sophie Behringer paid to Charlotte Miller the $50 payment due in 1918. The 70 acre tract had no house on it and was not prepared to be occupied as a home. It was estimated at the time of making the agreement and at the time of making and executing the deeds hereinafter mentioned that an undivided one-eighth interest in the estate equalled in value $5125.00. In June of 1919, after the death of Charlotte Miller, the adult heirs of Heinrich Miller and Charlotte Mil-

ler executed a power of attorney to F. H. Miller, authorizing and empowering him to sell, transfer, convey and deliver unto the heirs of the said Heinrich Miller and Charlotte Miller, deceased, any and all property whether real or personal belonging to Heinrich and Charlotte Miller. Thereafter, on December 31, 1919, F. H. Miller, acting individually and as attorney in fact for all of the adult heirs of Heinrich and Charlotte Miller, other than Sophie Behringer, conveyed by separate deeds the 70 acre tract of land involved and a 70½ acre tract of land to George Behringer and Sophie Behringer. The aggregate value of these two tracts, according to the consideration recited therein, is the sum of $14,401.25. In the conveyance to the 70½ acre tract it is recited that $3,226.25 in cash is paid and a note is given by George and Sophie Behringer for the balance of the consideration in the sum of $4,000, payable to W. C. Lindemann, and in the conveyance to the 70 acre tract the deed recites that the land is sold for the consideration of $7,175, $3,675 of which is paid in cash and the balance of the purchase money in the sum of $3,500 is evidenced by the note of George and Sophie Behringer, payable to the order of Miss Henrietta Niebuhr by agreement of the grantors and grantees, and that a vendor's lien is expressly reserved to secure payment of the note. The note contains the following recitals: "This note is given in part payment for a certain lot or parcel of land situated in McLennan county, Texas, being 70 acres out of the J. C. Sanches grant, this day conveyed to us, the undersigned, by F. H. Miller, et al. and to secure the payment of same, according to the tenor thereof, a vendor's lien is retained in said conveyance, and is hereby acknowledged." At the time the above mentioned two deeds were made and delivered to and accepted by George and Sophie Behringer and at the time they signed and delivered the $3,500 note, they were occupying the residence on the 70½ acre tract of land. There is no evidence in the record tending to show that George and Sophie Behringer ever intended to prepare the 70 acre tract for occupancy as a home. The 70 acre tract of land is situated across the public highway from the 70½ acre tract of land. E. W. Hander testified that he knew that there was no house on the 70 acre tract of land and that he thought the Behringers were buying each tract of land from the Miller estate partly for cash and partly on time, and that he had no information that would lead him to believe that the transactions were other than

they appeared to be on their face; that he knew of no claim by George and Sophie Behringer of a homestead estate in the 70 acre tract; that Miss Niebuhr sent him the check for $3,500 to be delivered to the attorney in fact when he had found the lien to be valid. Neither George nor Sophie·Behringer told Hander that the 70 acres had been set aside to Sophie Behringer as her share of the Miller estate nor that they were claiming it as their homestead nor that the consideration for the note was simulated and not genuine.

■ The representations and conduct of George and Sophie Behringer, as revealed by the record in this case, are of such clear and unequivocal character as to estop them and their privies in interest from asserting the invalidity of the vendor's lien on all of the 70 acre tract and to constitute Miss Niebuhr a·purchaser before maturity for a valuable consideration without notice of the $3,500 note and lien, if E. W. Hander, acting for Miss Niebuhr, believed the representations, relied thereon and was induced thereby to advance $3,500 of her money. And he had a right to believe and rely on such representations and conduct because all of the attendant facts are consistent with the representations and there is nothing in the tangible and visible circumstances and the transactions themselves to put him on inquiry or challenge his notice. If he believed that the Behringers were buying the two tracts of land from the heirs of Heinrich and Charlotte Miller partly for cash and partly on time and relied on such representations and was induced thereby to advance $3,500 of Miss Niebuhr's money in part payment of the purchase price of the 70 acres, then it would be in furtherance of a legal fraud to permit the Behringers to establish that the representations contained in the deed and note were untrue; but if he, acting for Miss Niebuhr and not collusively with the Behringers and grantors, knew the facts and took a long chance for her, then it would be in the furtherance of justice and the public welfare to allow proof of the alleged facts. The representations, record and transactions are calculated to deceive the most·wary and induce action thereon by the most cautious to their injury. Alexander v. Wilson, 124 Tex. 392, 77 S.W. 2d 873; National Bond & Mortgage Corp. v. Davis, Tex.Com.App., 60 S.W.2d 429; Sparks v. Texas Loan Agency, Tex.Sup., 19 S.W. 256; First Texas Joint Stock Land Bank of Houston v. Chapman, Tex.Civ.

App., 48 S.W.2d 651; Andrews v. Security National Bank of Wichita Falls, 121 Tex. 409, 50 S.W.2d 253, 83 A.L.R. 44; Parrish v. Hawes, 95 Tex. 185, 66 S.W. 209; Carstens v. Landrum, Tex.Com.App., 17 S.W.2d 803; Heidenheimer Bros. v. Stewart, 65 Tex. 321; Breneman v. Mayer, 24 Tex.Civ. App. 164, 58 S.W. 725; Ellis v. Patrick, Tex.Civ.App., 93 S.W.2d 1201; Vaden v. Collier, Tex.Civ.App., 253 S.W. 889; Dallas Building & Loan Ass'n v. Patterson, Tex.Civ.App., 48 S.W.2d 657; Hughes v. Wruble, Tex.Civ.App., 88 S.W.2d 661; Id., Tex.Com.App., 116 S.W.2d 368; McMullan v. San Antonio Joint Stock Land Bank, Tex. Civ.App., 78 S.W.2d 669; Walthall v. Barnes, Tex.Civ.App., 83 S.W.2d 1082; Barron v. Theophilakos, Tex.Civ.App., 13 S.W.2d 739; Blesse v. Wessels, Tex.Civ.App., 18 S. W.2d 724; Little v. Shields, Tex.Com.App., 63 S.W.2d 363; Marinick v. Continental Southland Savings & Loan Ass'n, Tex.Civ. App., 97 S.W.2d 480; Roane v. Murphy, Tex.Civ.App., 96 S.W. 782; Watkins v. Sproull, 8 Tex.Civ.App. 427, 28 S.W. 356; Zeigler v. Federal Land Bank of Houston, Tex.Civ.App., 86 S.W.2d 864; Doty v. Barnard, 92 Tex. 104, 47 S.W. 712; Waco Bridge Co. v. City of Waco, 85 Tex. 320, 20 S.W. 137; Boyett v. Rutland Sav. Bank, Tex.Civ.App., 116 S.W.2d 857; Cleveland State Bank v. Gardner, Tex.Com.App., 286 S.W. 173; Guaranty Bond State Bank of Mt. Pleasant v. Kelley, Tex.Com.App., 13 S.W.2d 69, par. 7; Buchanan v. Burnett, 102 Tex. 492, 119 S.W. 1141, 132 Am.St.Rep. 900; Schwarz v. National Bank of Texas, 67 Tex. 217, 2 S.W. 865; Graves v. Kinney, 95 Tex. 210, 66 S.W. 293; Cravens v. Booth, 8 Tex. 243, 249, 58 Am.Dec. 112; Evans v. Daniel, 25 Tex.Civ.App. 362, 60 S.W. 1012; Jones v. Male, 26 Tex.Civ.App. 181, 62 S.W. 827; New England Safe-Deposit & Trust Co. v. Harrell, Tex.Civ.App., 39 S.W. 142; Hayner v. Chittim, Tex.Civ.App., 228 S.W. 279; Walsh v. Ford, 27 Tex.Civ. App. 573, 66 S.W. 854; Berry v. Boggess, 62 Tex. 239; Wood v. Smith, Tex.Civ.App., 165 S.W. 471; First National Bank in Lubbock v. Casey, Tex.Civ.App., 31 S.W.2d 662; Becker v. Maillot, Tex.Civ.App., 19 S. W.2d 919.

 The trial court was not authorized to render judgment foreclosing the lien and this court cannot reverse and render for the reason that the jury likewise found that the 70 acre tract of land had been set aside, prior to the time of the execution of the note and the creation of the lien in question, to Sophie Behringer as her share of the Miller estate, and that same was the homestead of George and Sophie Behringer, and that E. W. Hander knew these facts. If Hander, as found by the jury, believed and relied on the representations that the note evidenced purchase money and its payment was secured by vendor's lien on the land in controversy and was induced thereby to turn over the $3,500, then he could not, as found by the jury, have known that the property had been set aside to Sophie Behringer as her part of the Miller estate, and that it was the homestead of George and Sophie Behringer; and on the other hand, if Hander knew that the deed and note were a simulated transaction, then he could not have believed and relied on such declarations and have been induced thereby to part with Miss Niebuhr's money. Thus, both sets of findings cannot be true, and one or the other must of necessity be false. These findings of the jury relate to ultimate fact issues and are of equal dignity. The effect of the findings is to destroy each other and leave no finding at all, and a court cannot render judgment on that which in law is nothing, and for these reasons there is an irreconcilable conflict in the findings of the jury on indispensable fact issues. Waller v. Liles, 96 Tex. 21, 70 S.W. 17; Taylor v. Flynt, 33 Tex.Civ.App. 664, 77 S.W. 964; Pecos & N. T. Ry. Co. v. Railroad Commission of Texas, Tex.Civ.App., 193 S.W. 770; Garlitz v. International-G. N. Ry. Co., Tex. Civ.App., 11 S.W.2d 591; Stoker v. Fugitt, Tex.Civ.App., 102 S.W. 743, par. 2; Kahn v. Cole, Tex.Civ.App., 227 S.W. 556, pars. 4 and 5; Kansas City Life Ins. Co. v. Jinkens, Tex.Civ.App., 202 S.W. 772; Southern Surety Co. v. Solomon, Tex.Civ.App., 4 S. W.2d 599; Miller v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 63 S.W.2d 883; Radford v. Automobile Underwriters of America, Tex.Com.App., 299 S.W. 852; Beard & Stone Electric Co. v. Shofner, Tex.Civ.App., 56 S.W.2d 931; Stewart v. Schaff, Tex.Civ. App., 269 S.W. 135; Cook v. Chapman, Tex. Civ.App., 45 S.W.2d 797; Commerce Milling & Grain Co. v. Morris & Parker, Tex. Civ.App., 86 S.W. 73; Cushman v. Masterson, Tex.Civ.App., 64 S.W. 1031; Southern Traction Co. v. Gee, Tex.Civ.App., 198 S. W. 992; Puckett v. Davis, Tex.Civ.App., 238 S.W. 367; Van Valkenburg v. Ruby, 68 Tex. 139, 3 S.W. 746.

The judgment of the trial court is reversed and the cause is remanded for a new trial.