### SERVICE MUT. INS. CO. OF TEXAS v. MOANING et al.

### No. 2102.

Court of Civil Appeals of Texas. Waco.

May 11, 1939.

Rehearing Denied June 15, 1939.

Rogers & Scott, of Waco, for appellant.

O'Dowd & O'Dowd, of Waco, for appellees.

342

GEORGE, Justice.

Flem Moaning sustained an injury in the course of his employment and was awarded judgment in the trial court against the Service Mutual Insurance Company of Texas under the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq. for 60% of his average weekly wages for 401 weeks, redeemable in a lump sum.

Flem Moaning will be referred to herein as appellee, and Service Mutual Insurance Company as appellant.

Appellant contends that the trial court erred in rendering judgment for the reason there is a material conflict in the jury's finding in response to special issue No. 25, wherein it was found that the total incapacity of Flem Moaning to labor was the result of an injury confined solely to his left leg below the knee, and the jury's findings in response to special issues Nos. 14, 15, 16 and 17, wherein it was found (a) that the injury sustained by Flem Moaning was not confined solely to his left leg below the knee; (b) that such injury to his left leg affected parts of his body other than his left leg; (c) that the injury to his left leg, together with effects of the injury on parts of his body other than his left leg, had caused him to suffer total incapacity to labor; and (d) that the total incapacity of Flem Moaning to work, caused by the injury to his left leg, together with the effects of the injury on parts of his body other than his left leg, was permanent.

Appellee, in the trial court, sought compensation under Section 10 of Article 8306, Revised Civil Statutes of 1925, for total permanent incapacity to labor resulting from injury to his left foot, leg, hip and entire left side and lower portion of his spine; and appellant's defense was that appellee's incapacity to labor, whether total or partial and whether permanent or temporary, was the result of an injury confined solely to either appellee's left leg below the knee or his left leg, and that the provisions of Section 12, Article 8306, providing compensation for injury to a specific member of the body, was applicable.

The trial court in his charge to the jury gave the following definitions, among others:

"You are instructed that the terms 'injury' or 'personal injury,' whenever used in this charge shall be construed to mean damage or harm to the physical structure of the body caused by accident and such diseases and infections as naturally result therefrom."

"By the term or phrase 'total incapacity,' as used in the court's charge does not imply an absolute disability to perform any kind of labor, but a person disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment, is regarded as total incapacity."

The jury, in answer to special issues Nos. 14, 15, 16 and 17, found that the injury sustained by Flem Moaning was not confined solely to his left leg below the knee; that the injury to his left leg affected parts of his body other than his left leg; that the injury to his left leg, together with the effects of the injury on parts of his body other than his left leg, had caused him to suffer total incapacity to labor; and that his total incapacity to work, caused by the injury to his left leg, together with the effects of the injury on parts of his body other than his left leg, was permanent. The jury, in answer to special issue No. 25, found that the total incapacity of Flem Moaning for work was the result of an injury confined solely to his left leg below the knee.

Section 10 and the pertinent provisions of Section 12, Article 8306, Revised Civil Statutes of 1925, read as follows:

"Sec. 10. While the incapacity for work resulting from the injury is total, the association shall pay the injured employé a weekly compensation equal to sixty per cent of his average weekly wages, but not more than $20.00 nor less than $7.00 and in no case shall the period covered by such compensation be greater than four hundred and one weeks from the date of the injury."

"Sec. 12. For the injuries enumerated in the following schedule the employé shall receive in lieu of all other compensation except medical aid, hospital services and medicines as elsewhere herein provided, a weekly compensation equal to sixty per cent of the average weekly wages of such employé, but not less than $7.00 per week nor exceeding $20.00 per week, for the respective periods stated herein, to-wit:

\* \* \* \* \* \*

"For the loss of a foot, sixty per cent of the average weekly wages during one hundred and twenty-five weeks.

"For the loss of a leg at or above the knee, sixty per cent of the average weekly wages during two hundred weeks."

Issues Nos. 14, 15, 16 and 17 were submitted in connection with appellee's theory of the case, and issue No. 25 in connection with appellant's theory. The jury, either intentionally or through inadvertence, upheld in its findings the theories of both appellee and appellant. No motion was made by appellee for judgment non obstante veredicto or for the court to disregard the jury's finding in response to special issue No. 25.

 There is a direct and irreconcilable material conflict between the jury's finding in response to special issue No. 25 and its findings in response to special issues Nos. 14, 15, 16 and 17. If appellee's total incapacity to labor is the result of an injury, as defined by the trial court, which is confined solely to appellee's left leg below the knee, then appellee's recovery is limited and controlled by the provisions of Section 12, Article 8306, Revised Civil Statutes, but if, on the other hand, his total incapacity for work is the result of an injury to his left foot, leg, hip and entire left side and spine, his compensation is determined by the provisions of Section 10 of Article 8306, Revised Civil Statutes. Each group of findings is of equal standing and importance and both of them can not be true. The findings in response to each group of issues are indispensable because they determine the amount of recovery. Each set of findings has substantial support in the evidence. And since the case was tried before the court and a jury, and the jury's findings are on indispensable fact issues, the trial court was not authorized to choose upon which answer or group of answers he would rest his judgment. Texas Motor Coaches, Inc. v. Palmer, Tex.Sup., 121 S.W.2d 323, par. 2; Niebuhr v. Behringer, Tex.Civ.App., 123 S.W.2d 733, pars. 2 and 3; Texas Indemnity Ins. Co. v. Barker, Tex.Civ.App., 82 S.W.2d 389; Miller v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 63 S.W.2d 883, par. 2; Southern Surety Co. v. Solomon, Tex.Civ.App., 4 S.W.2d 599, par. 12; Waller v. Liles, 96 Tex. 21, 70 S.W. 17; Radford v. Automobile Underwriters of America, Tex.Com.App., 299 S.W. 852; Kansas City Life Ins. Co. v. Jinkens, Tex.Civ.App., 202 S.W. 772; Bransford v. Pageway Coaches, Inc., 129 Tex. 327, 104 S.W.2d 471, par. 2; Texas Interurban Ry. Co.

v. Hughes, Tex.Com.App., 53 S.W.2d 448, par. 8; Ford Rent Co. v. Hughes, Tex. Civ.App., 90 S.W.2d 290; Merritt v. Phoenix Refining Co., Tex.Civ.App., 103 S.W.2d 415, par. 5; Bishkin v. Campbell, Tex.Civ.App., 107 S.W.2d 919; Stewart v. Schaff, Tex.Civ.App., 269 S.W. 135; Cook v. Chapman, Tex.Civ.App., 45 S.W.2d 797; Beard & Stone Electric Co. v. Shofner, Tex.Civ.App., 56 S.W.2d 931; Baggett v. Texas Employers' Ins. Ass'n, Tex.Civ. App., 70 S.W.2d 469.

The other matters complained of by proper assignments are not discussed for the reason they are not likely to occur on another trial of this cause.

The judgment of the trial court is reversed and the cause is remanded for a new trial.