**MARSHALL v. HALL.**

No. 3872.

Court of Civil Appeals of Texas. Beaumont.
May 17, 1941.

Rehearing Denied May 29, 1941.

Elledge & Elledge, of Houston, for appellant.

Combs & Dixie, of Houston, for appellee.

WALKER, Chief Justice.

This appeal was prosecuted by appellant, George N. Marshall, to the Galveston Court of Civil Appeals from a judgment rendered by the County Court at Law of Harris county against him and in favor of appellee, J. C. Hall, for the sum of $891, on which appellee in the lower court entered a remittitur of $250. The case is on our docket by order of transfer by the Supreme Court.

Appellant as an employer was within the terms of our Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., but did not carry compensation insurance. Appellee, appellant's employee, was a carpenter engaged in carpenter work on a dwelling. On the allegations of his petition and on his evidence, he suffered an injury while attempting to raise from the ground to the second floor a floor joist. Answering special issues, the jury found that appellee, on the 30th of June, 1940, "sustained an injury while lifting a plank in connection with his carpenter work on Shepherd Drive." The jury convicted appellant of negligence, proximately causing appellee's injuries, in failing to provide two men to lift the planks on the occasion in question. Appellee was not guilty of contributory negligence. The jury gave an affirmative answer to special issue No. 9:

"Special Issue No. 9.

"If you have answered Special Issue No. 1 'Yes' and only in that event, then answer:

"Do you find from a preponderance of the evidence that a danger inherent in the work was the sole and only proximate cause of Plaintiff, J. C. Hall's, injury, if any? Answer 'Yes' or 'No'.

920

"By the words 'a danger inherent in the work' as used in the foregoing special issue is meant a risk which is, in its very nature, incident to the duties which the employee has contracted to perform, and which exists after the employer has performed fully and completely all his legal duties to the employee."

■ We sustain appellant's proposition of material conflict between the jury's findings that appellant was guilty of negligence proximately causing appellee's injuries, and the finding and answer to special issue No. 9 that a danger inherent in the work was the sole and only proximate cause of appellee's injuries. West Lumber Co. v. Smith, Tex.Com.App., 292 S.W. 1103; Rio Bravo Oil Co. v. Matthews, Tex. Civ.App., 20 S.W.2d 342, 346; Sonken-Galamba Corp. v. Hillman, Tex.Civ.App., 111 S.W.2d 853, 858, writ dismissed; Gulf States Utilities Co. v. Grubbs, Tex.Civ. App., 44 S.W.2d 1001, par. 8; Texas Interurban Ry. Co. v. Hughes, Tex.Com.App., 53 S.W.2d 448, 450; Cate v. Orfic Gasoline Production Co., Tex.Civ.App., 78 S.W.2d 635.

■ We overrule appellee's counter propositions that special issue No. 9 submitted to the jury "a pure question of law," and not a fact issue; that special issue No. 9 was an "immaterial submission to the jury of a question of law"; and that the alleged conflict was on an immaterial point. We overrule appellee's seventh counter proposition: "The trial court properly construed all of the applicable findings together, taking into account the questions submitted, the answers of the jury and the manner in which the issues were submitted. The jury's verdict containing specific findings of negligence on the part of the defendant proximately causing the plaintiff's injury contains no contradiction within itself because Special Issue Number 9 having been submitted as a pure question of law in no way constitutes a finding by the jury that there was no negligence."

The authorities cited above sustain us in overruling these contentions by appellee.

■ It is immaterial that appellant, on his motion for judgment on the verdict non obstante verdicto, "did not claim a conflict," and made that point for the first time on motion for new trial. Conflicts in the jury's answers constitute fundamental error and must be reviewed by the appellate court even if not assigned as error.

■ We cannot follow appellee in his contention that issue No. 9 was submitted "without definition." The term "a danger inherent in the work" was defined by the court in connection with special issue No. 9. The correctness of that definition is not before us; apparently it embodies the ◄elements of "danger inherent in the work" as defined by the authorities cited above.

The judgment of the lower court is reversed and the cause remanded for a new trial.

Reversed and remanded.