## KILGORE v. HOWE.

### No. 5813.

Court of Civil Appeals of Texas. Amarillo.
Oct. 6, 1947.

Otis Truelove, of Amarillo, for appellant.

Bourn & McDonald, of Dumas, for appellee.

PITTS, Chief Justice.

Appellee, R. J. Howe, sued appellant, C. L. Kilgore, for damages done to an automobile resulting from a collision between the automobile and a steer belonging to appellant allegedly roaming at large unlawfully and unattended on a fenced, designated state highway. Appellant denied appellee's allegations, charged that his damages were due to his own negligence, and sued him in a cross-action for the value of the steer, alleging that it died as a result of the collision.

The trial was to a jury which found in answer to special issues submitted to it that appellant permitted the steer to roam at large on the state highway at the time of the collision; that the colliding of the steer with appellee's automobile resulted in damages to the same in the sum of $269.63; that appellant exercised ordinary care to keep his cattle confined in his premises; that appellee could not have avoided the collision by the use of ordinary care after he discovered the steer on the right of way and that the reasonable value of the steer was $117.

Both appellant and appellee presented motions to the trial court after the jury's verdict asking for judgment upon the findings of the jury to the special issues submitted to it. After due deliberation the trial court overruled appellant's motion for judgment and rendered judgment for appellee in the sum of $269.63 from which judgment appellant has appealed to this Court.

The appeal is predicated upon three points of error to the effect that the trial court erred in refusing to render judgment for appellant on the jury's findings since the jury had exonerated him from negligence and that he had overcome appellee's prima facie case of negligence on his part in permitting his steer to roam at large on the highway unattended by presenting evidence and securing a finding from the jury to the effect that he had exercised ordinary care to keep his cattle confined to his premises. More briefly stated, appellant complains solely because the trial court rendered judgment upon the verdict for appellee instead of rendering it for him. Appellee resists appellant's contention by urging in his first counter point the failure of appellant to file a motion for a new trial in the trial court as a necessary prerequisite for an appeal and he has filed a motion asking that the appeal be dismissed for the same reason. Appellant admits he did not file a motion for a new trial and asserts that he did not want a new trial but wanted judgment rendered for him on the verdict of the jury.

■ Rule 324 of the Texas Rules of Civil Procedure is denominated "Prerequisites of Appeal". It is stated that the object of the rule is to require a motion for new trial to be filed as a prerequisite to an appeal in all district and county court cases unless the case is tried before the court without a jury, or a peremptory instruction is given, or a judgment non obstante veredicto is rendered, or the appeal is based upon some error arising after the action of the trial court upon a motion for a new trial, or unless five full days will not intervene from the time of the rendition of the judgment to the adjournment of the court for the term. Appellant has not brought himself within any of these exceptions but the rule further states, "An assignment in a motion for new trial shall not be a necessary prerequisite to the right to complain on appeal of the action of the court in * * * overruling a motion for judgment for appellant on the verdict". The only complaint appellant makes here is the failure of the trial court to sustain his motion for judgment upon the verdict of the jury. That is the only complaint he made to the trial court and the only one he would have set up in a motion for a new trial before the trial court and the rule says such is not a necessary prerequisite to the right to complain on appeal. Since he had no other complaint to make or no other assignment of error to present to the trial court, it would have been useless for him to have filed a motion for a new trial and it is an elementary rule of law that the courts do not require a useless thing to be done. It would have been useless and would have served no purpose in this case for appellant to have filed a motion for a new trial. The purpose of a motion for new trial is to apprise the trial court of the errors appellant claims were made and the trial court had already passed on the question here raised and was already aware of the error with which appellant was charging it. It is our opinion that a motion for a new trial was not necessary in this kind of a case. We therefore overrule appellee's motion to dismiss as well as his first counter point and hold that this Court has jurisdiction of the subject matter.

■ We do not find it necessary, however, to pass on any other assignments of error or counter assignments since it is obvious that there is an irreconcilable conflict upon material issues in the findings of the jury. No complaint has been made about it by either party and no error assigned but conflicts in the jury's answers to material issues constitute fundamental error and must be reviewed by the appellate court even if not assigned as error. Marshall v. Hall, Tex.Civ.App., 151 S.W.2d 919, writ dismissed.

■ In answer to special issue number one the jury found that at the time in question appellant permitted his steer to traverse or roam at large, unattended, on the right of way of State Highway No. 354. If he *permitted* his steer to roam at large on the state highway at the time in question he was guilty of negligence in so doing since Art. 1370a, Vernon's Ann.P.C., makes it a misdemeanor to permit cattle to roam at large, unattended, on designated state highways. In answer to special issue number five the jury found that appellant had *exercised ordinary care at the time in question* to keep his cattle confined to his premises. If he exercised ordinary care at such a time, he was not guilty of negligence and did not *permit* his steer to roam at large on the state highway. The jury has convicted him of negligence in answer to one issue and has exonerated him from negligence in answer to another issue both involving the same act. Both findings cannot be true. That being the case, the findings destroy each other and result in no finding. In cases submitted on special issues judgment is not based on any single finding but it is based on the answers to the material issues as an entirety. An irreconcilable conflict upon material issues preclude the entry of a judgment and such conflict must not be ignored. Because of the conflict in the findings of the jury, the trial court's judgment is fundamentally erroneous. Steves Distributing Co. v. Newsom, Tex.Civ.App., 125 S.W.2d 354; Service Mut. Ins. Co. of Texas v. Moaning, Tex.Civ.App., 129 S.W.2d 341; Edson v. Perry–Foley Funeral Home, Tex.Civ.App., 132 S.W.2d 282; Marshall v. Hall, supra;

**1008**

41 Tex.Jur. 1226, Paragraph 361, and other authorities cited in Texas Jurisprudence 1941 Supplement, Page 1678, Paragraph 361, Note 3.

For the reasons given the judgment of the trial court is reversed and the cause is remanded.