WISDOM v. W. T. JONES & SON. (No. 1903.)

(Court of Civil Appeals of Texas. El Paso. Oct. 28, 1926.)

1. **Brokers** ⊜⊃53—Defendant's sale of land, through efforts of plaintiffs, held to establish binding obligation to pay plaintiffs' agreed commission.

Defendant's offer to list land for sale at certain price per acre and to pay an agreed commission, and sale of land by him to another procured by plaintiffs' efforts, held to establish a binding obligation to pay plaintiffs' agreed commission on purchase price.

2. **Brokers** ⊜⊃44—Written contract for payment of brokers' commission for sale of land held not revoked by subsequent offer not accepted by defendant.

Written contract to pay brokers' agreed commission for sale of land held not revoked by brokers' attempt to get defendant to accept a lessor price and agreement to reduce commission in that event, which defendant refused to accept.

⊜⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Brokers** ☞57(2)—**Brokers procuring sale held entitled to commission upon sale made by owner at price less than that which owner quoted to brokers.**

If brokers found prospective purchaser for defendant's land, and their efforts were efficient cause of sale made, they were entitled to their commission upon sale made by owner at a price less than that which owner had quoted to brokers.

Appeal from Stephens County Court; John W. Hill, Judge.

Action by W. T. Jones & Son against J. K. Wisdom. Judgment for plaintiffs, and defendant appeals. Affirmed.

E. F. Ritchey, of Miami, and W. J. Arrington, of Breckenridge, for appellant.

L. H. Welch, of Breckenridge, for appellees.

HIGGINS, J. Appellees sued appellant to recover a commission of 5 per cent. upon the purchase price of 270 acres of land owned by appellant, and by him sold to Connellee at $20 per acre, it being alleged that the defendant, by contract in writing in the form of letters, employed the plaintiffs to sell the land, and the sale was effected through their efforts. Upon trial without a jury, judgment was rendered as prayed for. Our conclusions, disposing of the four assignments presented, are as follows:

[1] 1. The first assignment is that the evidence fails to show a written binding contract between the plaintiff and defendant. The evidence discloses a letter written by defendant to a member of the firm of W. T. Jones & Son, the effect of which was to list the land for sale at $23 per acre and agree to pay a commission of 5 per cent.; evidence that defendant sold the land to Connellee at $20 per acre, and that the efforts of plaintiffs were the procuring cause of the sale. This established a binding obligation to pay plaintiffs a commission of 5 per cent. upon the purchase price. Goodwin v. Gunter, 109 Tex. 56, 185 S. W. 295, 195 S. W. 848; Akers v. Moore (Tex. Civ. App.) 209 S. W. 241; Buck v. Woodson (Tex. Civ. App.) 209 S. W. 244.

[2] 2. The second and fourth assignments are to the effect that, if there ever was a written contract between the parties with respect to the sale of the land it was subsequently revoked by verbal contract. This assignment is based upon the testimony of W. T. Jones, which shows that he tried to get appellant to accept $20 per acre offered by Connellee, and offered to reduce his commission to $100 if defendant would sell for that price. But the evidence further shows that appellant refused so to do, and, after a conversation with Connellee, he told Jones he (defendant) had called the deal off and for Jones "not to have anything more to do with it; that he was going to sell the land to some other man out near the place that he had a deal on with." This evidence shows a refusal by appellant to make a new contract with respect to the commission in case of a sale to Connellee upon the basis of $20 per acre.

[3] 3. The third assignment is that the evidence fails to show a contract to pay a commission for a sale at less than $23 per acre. The evidence discloses that, upon the very day appellant had the conversation with Jones above referred to, the appellant sold the land to Connellee at $20 per acre. The authorities cited above establish the proposition that, if Jones & Son found the prospective purchaser, and their efforts were the efficient and procuring cause of the sale thus made, they were entitled to their commission upon the sale made by the owner at a price less than that which the owner had quoted to the agent.

Affirmed.