## BOULTINGHOUSE et al. v. THOMPSON et al. (No. 7689.)*

(Court of Civil Appeals of Texas. San Antonio. Feb. 2, 1927. Rehearing Denied March 2, 1927.)

1. **Damages** ⬤�longdash222—**Conflict in jury's answers, awarding recovery for medical expenses in personal injury action, and denying recovery for all other elements of damages, justifies reversal.**

In personal injury action, where court assumed as fact that plaintiff was disabled for eight weeks, and there was finding that defendants were liable for plaintiff's medical expenses on account of injuries, but were not liable for any other damages, judgment will be reversed for irreconcilable conflict in findings.

2. **Appeal and error** ⬤�longdash719(8)—**Error in that findings are too uncertain or conflicting to support judgment is reviewable without assignment.**

Where jury's findings are conflicting, or are too uncertain in their meaning to sustain judgment rendered thereon, error is fundamental, and will be considered on appeal, though not assigned.

Appeal from District Court, Bandera County; L. J. Brucks, Judge.

Action by Martha L. Boultinghouse and husband against Robert High Thompson and others. From the judgment, plaintiffs appeal. Reversed and remanded.

O. B. Black, of San Antonio, W. S. Ethridge, of Bandera, and Douglas & Carter, of San Antonio, for appellants.

J. A. Eames, of Bandera, and Hertzberg & Kercheville, of San Antonio, for appellees.

SMITH, J. Mrs. Martha L. Boultinghouse, joint appellant with her husband, was injured in an accident, which the jury found was proximately caused by the negligence of Robert High Thompson and four others, and not by any negligence of her own. The undisputed evidence shows that Mrs. Boultinghouse was actually injured as a result of the accident, although the testimony afforded a wide latitude to the jury in determining the nature and extent of those injuries. She testified, apparently without contradiction, that she was struck across the chest, hurt in the back of the head, had a couple of teeth knocked out, and was gashed in the throat. She also testified that her jaw was fractured by the accident, but there was evidence that this injury, admittedly incurred, may have been occasioned by a dental operation. It is undisputed that she was under the care of several physicians as a result of the accident, and for some time thereafter, and was subjected to a surgical operation, although the jury could have from the evidence that her condition was due largely to the fractured jaw, which is not certainly shown to have been wholly attributable to the accident. The court found by assuming it as a fact in the sixth special issue submitted to the jury that Mrs. Boultinghouse was disabled for a period of eight weeks on account of the accident. The evidence is unsatisfactory in practically every aspect of the case, and, but for one finding of the jury and an assumption of one fact by the court, would all be resolvable against appellants.

The jury found that the reasonable expense incurred in medical and surgical treatment of Mrs. Boultinghouse on account of the injuries she sustained in the accident amounted to $238.79, for which judgment was rendered in favor of appellants against appellees. But the jury refused to find any damages, as such, in favor of appellants on account of those injuries. The jury was asked this question: "What sum of money will compensate the plaintiff Martha L. Boultinghouse for injuries, if any, sustained by her in said collision?" To which the jury answered: "None." They were further asked: "What is the reasonable value of the services of the plaintiff Martha L. Boultinghouse to the plaintiff J. F. Boultinghouse for the period of eight weeks beginning September 4, 1925?" To which they answered: "Nothing."

[1] The record thus made presents an anomalous situation, as may be readily seen. For, while the jury found appellees liable for medical and surgical expenses incurred by appellants on account of injuries resulting from the accident, and the court found, in effect, that Mrs. Boultinghouse was disabled for a period of eight weeks as a result of the accident, yet appellants were not allowed any damages on account of the injuries sustained by Mrs. Boultinghouse in the accident. It is quite obvious that, if the lady sustained no injuries in the accident, appellees could not be held liable for medical and surgical expenses incurred in her behalf from other causes. And it is equally obvious that, if her injuries were occasioned by the negligence of appellees and were of such nature as to render the latter liable for a heavy medical and surgical expense, and that she was disabled for a period of eight weeks as a result of those injuries, it follows as a matter of law that she and her husband, who was entitled to, but was deprived of, her services, sustained actual damages for which they must be compensated.

The case has other curious aspects. The jury were asked what sum would compensate Mrs. Boultinghouse for the injuries, if any, sustained by her in the accident, to which they answered "None." The issue of whether or not she was injured at all as a result of the accident was not directly submitted to the jury. It arose by implication in three of the special issues, however, and was resolved

against appellants, by implication, in the jury's answers to two of those issues, and by implication in favor of appellants in their answer to the other. The answer of the jury awarding recovery to appellants for medical and surgical expenses, and denying recovery to them for all other elements of damages, are apparently in irreconcilable conflict. ·

The intention of the jury in their disposition of the sixth special issue is problematical. That issue was: "What is the reasonable value of the services of the plaintiff Martha L. Boultinghouse to the plaintiff J. F. Boultinghouse for the period of eight weeks beginning September 4, 1925?" And the jury's answer was, "Nothing." Did the jury mean to say that, because of her disability, which was clearly established, her services to her husband were without value during that period? That would be a literal construction of the question and answer. Or did they mean to find, baldly, that the value of her services during that period was unimpaired—that her husband was not damaged on account of her disability? The testimony seems undisputed that she had always theretofore performed all the household duties for her family, but was unable to, and did not, perform those duties at all for part of the time, and only in part thereafter. In fact, she was removed to San Antonio for treatment, and remained there for- that purpose for some time. In view of these facts, what did the jury have in mind in making that answer to that issue?

[2] No other issues than those submitted seem to have been requested by the parties; none of those submitted were criticized or objected to; no complaint is made of them by either party on-appeal. In fact, appellants present only two assignments in this court, and both are too general to require consideration here. But, if the jury's findings are conflicting, or are too uncertain in their meaning to sustain the judgment rendered thereon, the errors thereof are regarded as fundamental, and need not be assigned. Nor are they assigned.

We do not undertake to explain or interpret the verdict. The case is an unusual one, and must have appealed strongly to local consideration. It grew out of the alleged negligent acts of some. of the patrons of a country school in Bandera county, who were engaged, without remuneration, in repairing the local schoolhouse. In the course of the undertaking some of those engaged in the work strung two wires or cables partly across a third-class public road which ran through the school grounds past the house. Mrs. Boultinghouse was a passenger in an automobile driven by a Mrs. Alexander, who in driving by the schoolhouse ran the car into the wires. Mrs. Boultinghouse was injured, and she and her husband brought this suit. There is some doubt about the liability of some of the defendants against whom judgment was rendered, who did not actually participate in stringing the offending cables, but who were held with some of their neighbors upon the ground that they were all engaged in a common undertaking. Some of those so engaged were held while others were not, but no reason for the distinction is apparent from the record as presented here.

We are of the opinion that, because the jury findings and the court's assumption of fact against appellees are inconsistent with the findings against appellants, the judgment appealed from ought not to stand, but should be reversed, and the cause.remanded for another trial. It is so ordered.