## SINCLAIR–PRAIRIE OIL CO. v. BEADLE.
### No. 4514.

Court of Civil Appeals of Texas. Amarillo.
Dec. 2, 1935.

Rehearing Denied Jan. 13, 1936.

W. B. Handley and C. J. Shaeffer, both of Dallas, for plaintiff in error.

L. B. Godwin and Works & Bassett, all of Amarillo, for defendant in error.

HALL, Chief Justice.

Defendant in error, Beadle, sued plaintiff in error, Sinclair-Prairie Oil Company, to recover damages alleged to have been sustained by him as the result of a collision in the town of Borger between a truck in which he was a passenger, driven by one Abbott, and a truck driven by a servant of the plaintiff in error oil company.

The case was submitted to a jury upon special issues, in response to which Beadle's damages were assessed at $2,800.

■ The oil company has prosecuted this writ of error, and the following is the first "point": "Where the plaintiff in a suit growing out of an automobile collision alleges that the defendant's agent negligently drove, guided and directed the Oil Company truck against the truck in which he was riding, and further in the petition alleges that the truck in which he was riding was in plain view of the direction from which the defendant's servant was approaching, and that the defendant's servant owed the plaintiff the duty to use ordinary care to direct and guide the truck away from and not in collision with the truck in which the plaintiff was riding, and that the defendant's servant failed to observe said duty and violated same, which was negligence and a proximate cause of the plaintiff's injuries, the latter allegation is merely an explanation of the prior allegation that the act of negligence was that of driving the defendant's truck against the truck in which the plaintiff was riding and is not an allegation of a distinct act of negligence other than that theretofore alleged."

This "point" is not entitled to consideration because it is a mere abstraction. It does not complain of any action by the court or any one else at any time, any where, in any case that resulted in any injury to anybody. If we should undertake to apply the dissertation on pleading to this case, we would be compelled to hold that only one act of negligence is charged.

■ "Point" No. 2 is as follows: "Under such a pleading the only ground of recovery to be submitted is whether the defendant's servant negligently drove its truck into the truck in which the plaintiff was riding, and an issue inquiring of the jury whether the defendant's servant failed to guide the truck which he was driving away from the truck in which the plaintiff was riding was not a submission of the act of negligence alleged, and a favorable find-

ing on such a submission with the ancillary issues of proximate cause and damages will not support a judgment for the plaintiff where proper objection is made at the time of the submission of the issue that the same did not confine the plaintiff to the grounds of recovery alleged in the petition."

This is also an abstraction. Rev.St. article 1844, as amended by Acts 1931, c. 75, § 1 (Vernon's Ann.Civ.St. art. 1844), requires that the assignment of errors shall distinctly specify the errors complained of in order that the court may see wherein the complainant has been injured.

If we should apply this proposition to this case, we would have to conclude that the issue submitted by the court was exactly the act of negligence submitted in the language charged in the petition.

■ The only act of negligence charged is that the oil company's servant owed the occupant of Beadle's truck "the duty of using ordinary care to drive and guide the truck which he was driving away from and not in collision with said Abbott's truck." It is further alleged that he failed to observe, but violated that duty, which was negligence and the proximate cause of the injuries sustained by Beadle.

Following this language, the special issue is: "Do you find from a preponderance of the evidence that J. C. Windham failed to use ordinary care to guide the truck he was driving on the occasion in question away from Abbott's truck?"

The same charge, though in different language, is made in another part of the petition, where it is alleged: "He, Windham, negligently drove, guided and directed said Oil Company truck against said Abbott's truck."

Objection was made to that portion of the charge because, as asserted, "it assumes and so charges the jury that upon the occasion in question defendant's agent did not guide its truck in the manner which it was his duty to do under all the circumstances."

We do not so understand the charge. The issue quoted does not assume anything, but inquires of the jury whether the very acts charged in the petition are sustained by a preponderance of the evidence.

■ Aside from all of the alleged errors urged in the brief, it becomes our duty to reverse the judgment and remand the cause because the jury's findings are con-

flicting and are too uncertain to sustain the judgment rendered. The law is established that when the verdict is contradictory or vague and uncertain, it is the duty of the trial court to set it aside and grant a new trial, and that no judgment should be entered upon such a verdict.

The Sinclair-Prairie Oil Company alleged that upon the occasion in question plaintiff was guilty of negligence which proximately caused, or contributed to cause, the collision in question, and alleged resulting injuries. The court submitted numerous issues, the second being as follows:

"Special Issue No. 2.

"(a) Do you find from a preponderance of the evidence that plaintiff failed to keep a lookout for automobile traffic traveling West on the North side of Tenth Street on the occasion in question? If so

"(b) Was such failure, if any, on the part of the plaintiff to keep a lookout for such traffic negligence? If so

"(c) Was such negligence, if any, a proximate cause of the injuries received by him on the occasion in question, if any?"

The jury answered subdivision (a) in the negative, and subdivisions (b) and (c) in the affirmative, from which it clearly appears that the jurors were confused and did not understand fully and clearly the issues submitted. If plaintiff kept a lookout, he could not be negligent, and absent negligence, there could not be a proximate cause of his injuries. Answers to subdivisions (b) and (c) contradict the answer to subdivision (a) and render the verdict so uncertain that no judgment could be entered upon it.

Special Issue No. 3 inquired:

"If you have answered Special Issue 1-a 'Yes', and have answered (b) of Special Issue 2 'Yes', then you will answer further:

"(a) Do you find from a preponderance of the evidence that plaintiff was guilty of contributory negligence, as that term is above defined, in so failing, if he did, to keep a lookout for automobile traffic traveling West on the North side of Tenth Street on the occasion in question?

"(b) Do you find from a preponderance of the evidence that plaintiff was guilty of contributory negligence, as that term is above defined, on the occasion in question?"

These subdivisions were both answered in the negative. It is not clear why special issue No. 3 was submitted after the submission of special issue No. 2, unless the trial court intended to submit an issue as to plaintiff's negligence in issue No. 2, and as to his contributory negligence in issue No. 3, and this may have led to the confusion manifested by the answers of the jury.

There is no assignment by either party raising this question, but it is settled law that a verdict which is contradictory and uncertain, to such an extent that it will not support a judgment, presents fundamental error. Miller v. Texas Employers' Ins. Ass'n (Tex.Civ.App.) 63 S.W.(2d) 883; Traders' & General Ins. Co. v. Emmert (Tex.Civ.App.) 76 S.W.(2d) 208; French v. Hill (Tex.Civ.App.) 69 S.W.(2d) 828; Garlitz v. I–G. N. Ry. Co. (Tex.Civ.App.) 11 S.W.(2d) 591; Barnes Bros. v. I. & G. N. Ry. Co. (Tex.Com.App.) 1 S.W.(2d) 273; Northern Texas Traction Co. v. Weed (Tex.Com.App.) 300 S.W. 41; Boltinghouse v. Thompson (Tex.Civ.App.) 291 S.W. 573.

The judgment is, therefore, reversed and the cause is remanded.