### HANEY et al. v. YARBROUGH et al.

### No. 4847.

Court of Civil Appeals of Texas. Amarillo.

Jan. 24, 1938.

L. A. Wicks, of Ralls, for appellants.

W. P. Walker, of Crosbyton, and Fred Stockdale, of Aspermont, for appellees.

JACKSON, Chief Justice.

The appelless, Leo Yarbrough, a minor, by and through W. W. Yarbrough, his father and next friend, and W. W. Yarbrough for himself, instituted this suit in the district court of Crosby county against J. N. Haney and son, a partnership composed of J. N. and T. B. Haney, and against such partners, individually, to recover the sum of $50,200 on account of the death of Chester Yarbrough, son of W. W. Yarbrough, and Margaret Yarbrough, wife of Leo Yarbrough, alleged to have been occasioned by the negligence of appellants.

Since neither appellants nor appellees question the pleadings, it is sufficient to state that appellees alleged that on or about November 14, 1936, near 6:30 p. m., while Chester Yarbrough was driving his Chevrolet automobile west on Highway No. 24 in Crosby county, about a mile east of the town of Ralls, the appellants, traveling east on said highway in a Ford V-8 Pick-up, collided with the Chevrolet, causing the immediate death of Chester Yarbrough and Margaret Yarbrough; that the collision and deaths were caused by the negligence and unlawful acts of appellants in traveling the highway at a reckless, dangerous, and unlawful rate of speed, driving on the wrong side of the highway, and failing to keep a proper lookout.

The appellants answered by a general denial and an unverified denial of partnership; alleged that at the time of the accident, due to weather conditions, they were traveling at a rate of speed lower than the law required, were on the right side of the highway and keeping a very careful lookout for the protection of themselves and others on the highway.

They pleaded that the deceased Chester Yarbrough was guilty of contributory negligence in operating the Chevrolet in the night without headlights at the time of the collision; that after driving onto the paved highway he negligently and intentionally switched his lights off and they were off at the time of the collision; that he was driving on the highway in the middle of the pavement slab; that such acts were negligence, contributed to, and were proximate causes of the collision of the automobiles and the death of Chester and Margaret Yarbrough. They alleged numerous other acts which they claimed constituted contributory negligence and the jury so found, but in the view we take of the case, we consider it unnecessary to set out such allegations and the jury's findings thereon. Appellants, by proper allegations, charged Margaret Yarbrough with each of the acts of contributory negligence which they pleaded against Chester Yarbrough.

In response to special issues submitted in behalf of appellees, the jury found in substance that the driver of the Ford V-8 Pick-up was traveling at a greater rate of speed than 45 miles per hour at the time of the collision and such rate of speed was a proximate cause of the collision; that he was not exercising ordinary care to keep a lookout, and such failure was a proximate cause of the collision; that said driver at the time of the collision was, under the circumstances, operating the Ford Pick-up at a reckless and dangerous rate of speed and such rate of speed was negligence and the proximate cause of the injuries, but that no part of the Ford Pick-up was on the north, or wrong, side of the center of the highway at the time of the collision; that W. W. Yarbrough had sustained damages on account of the death of his son, Chester, in the sum of $300, and Leo Yarbrough had sustained damages on account of the death of his wife in the sum of $900.

In response to certain issues submitted in behalf of appellants, the jury answered in effect that Chester Yarbrough, at and immediately prior to the time of the col-

lision, was operating the Chevrolet car without headlights, and in so doing was guilty of "contributory negligence as that term has been hereinabove defined"; that Margaret Yarbrough knew the Chevrolet car was without headlights and she was guilty of contributory negligence in riding in the car knowing such fact; that Chester Yarbrough, at the time of the collision, was driving the Chevrolet in the middle of the pavement slab on the highway, and in so driving was guilty of "contributory negligence as that term has been defined"; that Margaret Yarbrough was guilty of contributory negligence in riding in the automobile driven in the middle of the pavement slab. However, the jury also answered certain special issues propounded to them, saying none of such acts of contributory negligence were the proximate cause of the collision and the death of the deceased parties.

Upon the finding of the jury that appellants were guilty of negligent acts which were the proximate cause of the collision and the findings that the acts of contributory negligence of which the deceased parties were guilty were not the proximate cause of the collision, the court entered judgment against the appellants in behalf of W. W. Yarbrough, for the sum of $300, and in behalf of Leo Yarbrough in the sum of $900.

The appellants contend that the findings of the jury show conclusively that the decedents were guilty of contributory negligence and that such negligence was, if not the sole, a concurring cause which contributed to their death.

The jury acquitted appellants of driving on the wrong side of the highway.

The court, immediately preceding the submission of the alleged acts of contributory negligence, instructed the jury that:

"By the term 'contributory negligence' as used in this charge is meant such act or omission, if any, on the part of Chester Yarbrough and Margaret Yarbrough, or either of them, amounting to a want of ordinary care and prudence, and which co-operating or concurring with some negligent act or omission, if any, on the part of T. B. Haney or the driver of the Ford car, or either of them, was the direct and proximate cause of the collision and subsequent death of Chester Yarbrough and Margaret Yarbrough."

The jury found in effect that Chester Yarbrough, immediately prior to and at the time of the collision, was operating the car without headlights; that Margaret Yarbrough knew thereof, and they were both guilty of "contributory negligence as that term has been hereinabove defined"; that at the time of the collision Chester Yarbrough was driving the Chevrolet in the middle of the pavement slab on the highway, and in so driving was guilty of "contributory negligence as that term has been defined"; and that Margaret Yarbrough was guilty of negligence in riding in the automobile so driven.

In Southland-Greyhound Lines, Inc., v. Richardson et al., 126 Tex. 118, 86 S.W.2d 731, 733, it was contended that the verdict of the jury did not require a rendition of the judgment for the defendant because there was no finding by the jury that the negligent acts of the plaintiff were the proximate cause of the injury. The Supreme Court in an opinion by Judge Smedley says: "Contributory negligence was thus defined in the charge: 'Contributory negligence' is such an act or omission on the part of the plaintiff, as amounting to a want of ordinary care and prudence, as concurring or co-operating with some negligent act or omission, if any, of defendant, is a proximate cause of the injury."

The court then states:

"The jury found that plaintiff was driving his car at a rate of speed in excess of 15 miles an hour at the time of the collision, and that he failed to keep a lookout, and then in answer to issues separately submitted found that each of these acts of the plaintiff constituted contributory negligence as defined in the charge. In so finding the jury answered that the acts were negligent and that they were proximate causes, because the definition of contributory negligence in the court's charge as hereinabove quoted includes these two essential elements. * * *

"Judgment should have been rendered for the defendant, because the verdict found acts of negligence on the part of the plaintiff and that such acts, concurring or co-operating with negligent acts of the defendant, were proximate causes of the injuries."

In view of this holding, the definition of contributory negligence given by the trial court in the instant case and the finding of the jury thereon, it follows that their answers on contributory negligence included a finding that such negligence of

the decedents was a proximate cause of the collision and their death.

These findings are in conflict with the findings of the jury on other issues that such contributory negligence was not the proximate cause of the death of decedents. Cook v. Chapman, Tex.Civ.App., 45 S.W. 2d 797, writ refused. Conflicting findings of a jury on material issues presents fundamental error. Boultinghouse et al. v. Thompson et al., Tex.Civ.App., 291 S.W. 573; Sinclair-Prairie Oil Co. v. Beadle, Tex.Civ.App., 89 S.W.2d 426, and authorities cited.

Since appellants made no motion for a judgment non obstante veredicto, Stallings v. Federal Underwriters Exchange, Tex.Civ.App., 108 S.W.2d 449, we are not authorized to reverse and render the judgment for appellants, because of the findings of the jury that the contributory negligence of the decedents was not the proximate cause of their death, although such findings were without support in the testimony and in conflict with the other findings on the issue of proximate cause. Hines et al. v. Parks et al., Tex.Com.App., 96 S.W.2d 970; Massie v. Hutcheson et al., Tex.Com.App., 270 S.W. 544.

The appellants assert as erroneous numerous other rulings of the court, but, in our opinion, they fail to point out with sufficient certainty the errors of which they complain to require a consideration thereof.

The judgment is reversed and the cause remanded.