**STEVES DISTRIBUTING CO. et al. v. NEWSOM.**

No. 10334.

Court of Civil Appeals of Texas. San Antonio.

Jan. 11, 1939.

Rehearing Denied Feb. 21, 1939.

Fritz C. Sorrell, of Pearsall, Park Street, Jr., and W. C. Douglas, both of San Antonio, for appellants.

Moursund, Ball, Moursund & Bergstrom, of San Antonio, for appellee.

SLATTON, Justice.

A refrigerator was placed in the residence of Roscoe Newsom for trial; thereafter a fire occurred in the house during the absence of Newsom and family, which destroyed property belonging to Newsom. He filed this suit against John L. Arp and Steves Distributing Company for the resulting damage claimed by virtue of a defective refrigerator alleged to have caused the fire and the resulting damage. The case was submitted to a jury through 101 special issues, upon which the trial court entered judgment in favor of Newsom for the sum of $1,621.20 against Arp and Steves, and allowed judgment over in favor of Arp against Steves Distributing Company, hence the unsucessful parties appeal.

The jury made, among others, the following findings: (1) That the refrigerator set fire to the residence. (2) That the refrigerator was defective. (3) That the defective condition of the refrigerator was the proximate cause of the fire. (4) That Newsom was induced to permit the refrigerator to be placed in his home by the representations of Arp and Steves that the refrigerator was safe. (5) That Arp and Steves were negligent in making such representations and such negligence were proximate causes. (6) That agents of Arp and Steves, within the scope of the employment, induced Newsom by representations, that the refrigerator was safe, to allow the refrigerator to be placed in his home. Such conduct was negligence and proximate causes. (7) That Arp and Steves failed to discover the defective condition of the refrigerator; that such failures were negligence and proximate causes. (8) That Arp and Steves failed to remedy defects of the refrigerator; that such failures were negligence and proximate causes. (9) That Arp did not properly install the refrigerator. That such failure was negligence and a proximate cause. (10) That Arp and Steves did not inspect the refrigerator to determine its mechanical condition and safety. That such failures were negligence and proximate causes. (11) That Arp and Steves did not give sufficient instructions to Newsom's wife concerning the management, and care of the refrigerator. That such failures were negligence and proximate causes. (12) That Arp and Steves failed to warn Newsom of the danger inherent in the refrigerator. That such failures were negligence and proximate causes. (13) That Arp and Steves failed to have the refrigerator inspected by a qualified inspector after they were notified that the refrigerator was defective. That such failures were negligence and proximate causes. (14) That Arp and Steves failed to remove the refrigerator from Newsom's home after they were notified that the refrigerator was not functioning properly. That such failures were negligence and proximate causes.

The jury further found that each act of negligence which was separately submitted and found against Steves Distributing Company, constituted the sole proximate cause of Newsom's damage.

A careful reading of the verdict discloses an irreconcilable conflict upon material issues. The jury found acts and omissions of Arp and Steves were each negligence and a proximate cause, and in addition found that each act or omission of Steves was the sole proximate cause of

Newsom's damage. The several findings mutually destroy each other. Such findings of sole proximate cause also destroy the finding that the improper installation of the refrigerator by Arp was a proximate cause of the damage. If the act or omission of Steves Distributing Company was the sole proximate cause of Newsom's damage then the finding that the improper installation of the refrigerator by Arp was a proximate cause of the damage cannot be true. As the nomenclature of the term sole proximate cause suggests, there can be but one sole proximate cause of an injury. Such findings of the jury being in conflict and mutually destructive and there remaining no finding upon which a judgment may rest, it follows that the judgment rendered by the trial court is fundamentally erroneous. 41 Tex.Jur. § 361, p. 1226, et seq.; Spear's Special Issues, § 434, p. 563.

The judgment is reversed and the cause remanded for another trial.

### On Motion for Rehearing.

The appellee has filed an able motion for rehearing. It is insisted that the judgment rendered by the trial court may be sustained upon the theory of a breach of warranty, even though conflicts exist in the verdict of the jury, which destroys the findings of the jury upon the theory of tort. He does not concede a conflict in the verdict. It is our opinion that the rules governing the assessment of damages are the same in actions upon a breach of contract as in tort, except where a tort is committed under such circumstances that the law would allow exemplary damages. Jones v. George, 61 Tex. 345, 48 Am.Rep. 280.

Generally warranties arise in the sale of property and are made in connection with or collateral to the sale. There was no sale of the property here. The refrigerator was placed in the residence of appellee for the purpose of demonstration, with the ultimate view of effecting a sale. Regardless of the true legal status of the transaction, when the verdict is referred to for the cause of the appellee's damage, the findings of the jury are in irreconcilable conflict. It is insisted that we have no right to consider the conflict existing in the verdict because not assigned by appellant, Steves Distributing Company. This Court has held to the contrary. 'Boultinghouse v. Thompson, Tex.Civ.App., 291 S.W. 573. The court entered judgment on the verdict and not non obstante veredicto. In such a case the judgment should follow the verdict.

The motion for rehearing is overruled.