**LATHEM v. COLEMAN.**

No. 5075.

Court of Civil Appeals of Texas. Amarillo.

Nov. 6, 1939.

Rehearing Denied Dec. 4, 1939.

704

B. N. Richards, of Dalhart, for appellant.
Tatum & Tatum, of Dalhart, for appellee.

JACKSON, Chief Justice.

The appellant, W. H. Lathem, who is and has been for some years engaged in the real estate business in Dalhart, Texas, instituted this suit in the County Court of Dallam County against the appellee, Ruth Coleman, a feme sole, to recover $350 for his services as a real estate broker.

He described in his petition the property listed with him by appellee, stated $7,000 cash was the sales price and alleged that at the time the property was placed with him appellee agreed that in the event he should find a purchaser ready, willing and able to buy the property at the price and on the terms stipulated she would pay him 5% commission. He alleges that he found a purchaser in the person of W. A. Phillips, who was ready, willing and able to pay $7,-000 cash for the property but that appellee failed and refused to consummate the deal and became liable to him for a commission for $350.

The appellee answered by general demurrer, general denial and alleged affirmatively as a defense that the listing contract with appellee, if any was ever made, was for an indefinite time subject to cancellation at her pleasure; that appellant submitted to her from time to time various proposals but in each instance the price offered was less than the listing price of $7,000 and she refused such offers and when she rejected the proposition for $6,750 the appellant advised her that "if she failed and refused to accept such offer that the deal would be off and that such offer was the highest possible sum his prospective purchaser would make for said property;" that she rejected the proposition, the negotiations were abandoned and she rescinded any listing agreement theretofore existing and withdrew from him the right to sell the property and all subsequent propositions were submitted for the sale of the property after the withdrawal of such property from the market.

In response to special issues submitted by the court in his main charge the jury found in effect that appellee listed the property with appellant for sale at a price of $7,000 to be paid in cash; that she agreed to pay a commission of 5% on the price of the property in the event appellant should find a purchaser ready, willing and able to buy; that appellant did find a purchaser for the property who was ready, willing and able to buy the same at the price and upon the terms named by her in the listing agreement.

These findings of the jury entitle appellant to a judgment for the sum of $350 with interest and costs unless his cause of action was defeated by the answers of the jury to issues submitted by the court at her request. In response to the issues so submitted the jury answered substantially that at the time the appellant informed appellee that his prospective purchaser would pay only $6,750 he made statements which authorized her to believe he had abandoned his efforts to sell the property to his prospective purchaser, Mr. Phillips; that at such time he informed her he had a purchaser who would pay only $6,750 and the deal was rescinded, abandoned or called off either by appellant or appellee; that on the same occasion appellant advised appellee that if "she didn't accept that offer the deal was all off".

On these findings the court rendered judgment that appellant take nothing by his suit and appellee go hence with her cost, from which action of the court this appeal is prosecuted. The appellant challenges as fundamental error the action of the court in rendering judgment against him because he says such was unwarranted and unauthorized under the law by the findings of the jury.

In order to defeat appellant's cause of action in view of the findings of the jury to special issues Nos. 1, 2 and 3 submitted by the court in his main charge the burden was upon appellee to prove that appellant had abandoned the listing contract or that she had seasonably withdrawn the property from sale after appellant had been given a reasonable time within which to consummate any negotiations he had in progress for the sale of the property to a purchaser ready, willing and able to buy on the price and terms of the listing contract.

The record shows that the first offer of Mr. Phillips, appellant's prospective purchaser, was $5,000; that later he made several propositions during the negotiations, the highest of which was $6,750 before he signed a contract agreeing to pay $7,000.

■■ A broker's contract for the sale of real estate is not cancelled or abandoned by presenting to his principal an offer less than the price at which the property is listed. 12 C.J.S. Brokers, 152, § 66. The intent of the broker is an essential element in the abandonment of a real estate brokerage agency, 12 C.J.S. Brokers 150, § 65; Wisdom v. W. T. Jones & Son, Tex.Civ.App., 288 S.W.

270; Trinity Gravel Co. et al. v. Cranke, Tex.Com.App., 282 S.W. 798.

■■ The fact that appellant continued the negotiations with his prospective purchaser after appellee declined to accept $6,750 and in a week or less secured a bona fide written offer from his purchaser to pay $7,000 refutes any contention that he had abandoned either the listing contract with appellee or the consummation of a sale to Mr. Phillips. Do the answers of the jury in response to the special issues submitted at the request of appellee show that she had withdrawn her property for sale? Assuming in deference to the findings of the jury, though the decided preponderance of the testimony is to the contrary, that appellant advised appellee if she did not accept the $6,750 the deal was off, and the deal was cancelled and rescinded and appellee authorized to believe the sale to Phillips had been abandoned, would such findings constitute a defense to appellant's suit? We think not. They do not constitute a verdict to the effect that appellee had withdrawn the property from sale. The negotiations had continued, the property had not been sold to anyone else before Mr. Phillips agreed to pay $7,000 therefor, which was in less than a week after the offer of $6,750; the price had not advanced and no change in conditions are claimed. We think these answers of the jury all relate to the sale of the land to Phillips and not to the listing thereof with appellant.

■■ The appellee realized, as disclosed in her pleadings, that the burden was upon her to plead, prove and secure a jury finding that appellant had released the property or that she had withdrawn it from sale after giving a reasonable time to conclude any good-faith negotiations pending. Fort Worth Properties Corporation v. Bahan, Tex.Civ.App., 68 S.W.2d 228; Eastland Oil Co. et al. v. Fenoglio, Tex.Civ.App., 102 S.W.2d 1092. Not only did she allege this defense but requested that such issues be submitted to the jury. This issue if raised by the testimony should have been submitted but there is no complaint in this court of the failure of the court to submit such issue.

■ Should we be mistaken in our conclusion as to the effect of the findings of the jury in response to the special issues submitted at the request of the appellee, then in our opinion such findings are so uncertain and indefinite as to require a reversal of the judgment.

706

It is the settled law in this State that a judgment unauthorized by the verdict constitutes fundamental error. 3 Tex. Jur. 827, para. 584.

In Boultinghouse et al. v. Thompson et al., Tex.Civ.App., 291 S.W. 573, 574, the court holds: "If the jury's findings are conflicting, or are too uncertain in their meaning to sustain the judgment rendered thereon, the errors thereof are regarded as fundamental."

See also Evers v. Langerhans et al., Tex. Civ.App., 122 S.W.2d 208; Steves Distributing Co. et al. v. Newsom, Tex.Civ.App., 125 S.W.2d 354.

The judgment is reversed and the cause remanded.