**HOPKINS v. GUNTER HOTEL CORPORATION.**

No. 10849.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 22, 1941.

Rehearing Denied Feb. 19, 1941.

Schlesinger, Schlesinger & Goodstein and Charles J. Lieck, all of San Antonio, for appellant.

Brooks, Napier, Brown & Matthews and Terrell, Davis, Hall & Clemens, all of San Antonio, for appellee.

SMITH, Chief Justice.

Hopkins sued the Hotel Corporation for damages for injuries sustained by Mrs. Hopkins as a result of alleged poisonous food eaten by her while dining at the hotel restaurant. The jury found in favor of Hopkins on all issues submitted to them, including findings for $120 for physical and mental pain and suffering, and for $472, expenses incurred on account of Mrs. Hopkins' illness. Judgment was rendered in favor of Hopkins for the sum of the two amounts and he has appealed.

Plaintiff contends, in his first eight assignments of error, that the verdict for $120, for mental and physical pain and suffering, is "contrary to the overwhelming preponderance of the evidence," is so "grossly inadequate as to shock the conscience of a reasonably prudent person," and "shows that it is not based upon the evidence admitted under the rulings of the court." Plaintiff's counsel has so very forcefully presented these contentions that, at first impression, it appears that the jury's allowances for damages for suffering and for expenses are so out of proportion as to suggest a distortion of balance, and a mis-

carriage of reasoning either against the one or for the other element of compensation, thereby bringing the case within the category of Boultinghouse v. Thompson, Tex.Civ.App., 291 S.W. 573, and Evers v. Langerhans, Tex.Civ.App., 122 S.W.2d 208. But a closer examination of the record must dispel the momentary distrust of the verdict. For the evidence was such as to warrant the jury in believing that Mrs. Hopkins' illness was produced, or at least aggravated into its serious phases, by prior illnesses, disease and suffering, for which defendant could not be responsible or liable. The evidence was such as to give the jury a wide discretion in determining the issues of damage and causal relation, and this Court has not the power or insight to analyze and speculate upon the processes by which the jury arrived at their conclusions. We cannot say the evidence did not warrant their verdict, or any phase of it. We overrule plaintiff's first through eighth assignments of error.

■ Plaintiff sought to elicit separately from Mr. and Mrs. Hopkins the statements, which they would have made, if permitted, to the effect that they did not of their own personal knowledge know of anything other than the alleged poisonous food that could have caused Mrs. Hopkins' illness of which they complain in this suit. This testimony was excluded by the court upon defendant's objection, in effect, that it called for a conclusion of the witnesses, who were not qualified to so testify. It is obvious that the exclusion of this testimony resulted in no injury to plaintiff, for it could have had no proper effect other than to induce a finding that the objectionable food caused Mrs. Hopkins' illness, and the jury answered that very issue in plaintiff's favor anyhow. We overrule plaintiff's ninth through twelfth assignments of error.

■■ In his oral argument one of defendant's counsel stated to the jury that plaintiff "had refused to bring Dr. Nixon in to testify in the case," as stated in plaintiff's thirteenth assignment of error, and the same counsel argued that "the doctors who testified for the defendant in the case were forced to come in and testify against their will," as stated in plaintiff's fourteenth assignment of error. Plaintiff's complaints must be restricted to the quoted statements from his assignment of error. Plaintiff complains of this argument as having been materially prejudicial to his case. Even if the argument could be re-

garded as of a materially harmful nature, we are unable to say from the record as presented to this Court that it was not justified by the record, or provoked by the circumstances of the case. We overrule the assignments.

The judgment is affirmed.